39919. ROSENTHAL, Administratrix, et al. v. O'NEAL.

CARLISLE, Presiding Judge. This case involves two suits for damages which were consolidated for trial and appeal. *Code Ann.* § 6-919. In one of the actions Mollie Rosenthal sues as the administratrix of the estate of her deceased husband, Max Rosenthal, seeking damages in the amount of $50,000 for pain and suffering, $247.80 medical expenses, and $264.90 funeral expenses, allegedly resulting from injuries received from an automobile collision between her car, driven by the deceased, and a car being driven by the defendant at an unmarked street intersection. In the other action she sues as the widow of the deceased seeking recovery for the value of the life of the deceased in the amount of $19,305.60, and property damage to her automobile in the amount of $650. The deceased died two weeks after the collision. The jury found for the administratrix in the amount of $512.70, which is the exact amount of the alleged medical and funeral expenses, and awarded her in the suit she brought individually the sum of $650. Motions for a new trial on the general grounds and two special grounds were denied by the trial court and are now before this court for review. In one special ground of the motion for new trial, plaintiff contends "that the verdicts were so small as to shock the consciences of the court and to leave the court to impute to the jury the inferences that said verdicts were the result of gross mistake on the part of the jury and to impute to said verdicts bias and prejudice against the plaintiff in each case." The other special ground of the motion for a new trial assigns error on the action of the trial court in refusing to admit in evidence certain photographs of the scene of the collision. *Held:*

1. In the present cases, the jury was authorized to find that the death of the deceased, the husband of the administratrix and the widow, was not caused by the negligence of the defendant but by other causes, and that the deceased, by refus-

ing to go to a hospital when he was injured failed to exercise the proper care to obtain treatment, as it was his duty to do, and thus lessen his damages for pain and suffering. *Code* § 105-2014. It follows, therefore, that irrespective of any possible application of the comparative-negligence rule, to uphold a verdict attacked under *Code* § 105-2015, the verdict in favor of the plaintiff, suing individually for damages to her car with no allowance for the full value of the life of the deceased, was clearly authorized by the evidence; and that, irrespective of any possible application of the comparative-negligence rule, the verdict for the administratrix for all of the medical expenses, plus an additional small amount which would have been authorized for pain and suffering, was fully authorized by the evidence. The fact that the jury awarded the administratrix, in addition to the medical expenses, an amount, which was the exact amount of the funeral expenses, would not necessarily conclusively show that the jury found the death of the deceased attributable to the defendant's negligence and had awarded funeral expenses as damages; but construing the verdict so as to uphold it if reasonable and possible, *Code* § 110-105, the verdict could very easily have been an award for pain and suffering, but in the actual amount of the funeral expenses. See *Evans v. Central of Ga. R. Co.,* 38 Ga. App. 146, 147 (142 SE 909).

2. The refusal of the trial judge to admit in evidence photographs of the intersection where the collision occurred, which were taken at a different time of year and showed low-growing foliage at the intersection substantially thinner than at the time of the collision and showed a stop sign at the intersection when none was there at the time of the collision, was not an abuse of discretion. "The question of the sufficiency of the preliminary proofs to identify photographs, or to show that it is a fair or accurate representation of the objects which it purports to portray, is a question committed to the discretion of the trial judge. 10 RCL 1158, 1153, §§ 356, 360. See also *Chance v. State,* 156 Ga. 428 (5) (119 SE 303)." *Johnson v. State,* 158 Ga. 192, 198 (123 SE 120).

3. The verdicts were authorized by the evidence and the special grounds of the motion for new trial not showing reversible error the judgment of the trial court in overruling the motion for a new trial is affirmed.

*Judgment affirmed. Bell and Hall, JJ., concur.*

56

Robert Carpenter, Ferrin Y. Mathews, Carpenter, Karp & Mathews, A. Tate Conyers, for plaintiffs in error.

Powell, Goldstein, Frazer & Murphy, C. B. Rogers, Gregg Loomis, contra.

Decided May 23, 1963—Rehearing denied June 19, 1963.