## 42713. ADDIS v. THE STATE.

BELL, Presiding Judge. 1. In appealing his conviction for transporting illegal liquor, the appellant separately enumerates error on the admission in evidence of three photographs offered by the State. Each contention is that the photograph was not properly identified.

With respect to these photographs, the transcript reveals that one was a picture of "the 1957 black Ford" that the defendant was driving when he was apprehended after a high speed chase in which the Ford "blew the engine" together with cases and jars of whiskey which were taken from the trunk and back floorboard of this 1957 Ford (Exhibit 3). Another (Exhibit 2) was a picture of the location where the 1957 Ford went off the road after it had blown its engine and where the pursuing officers had come alongside it and discovered the illegal whiskey inside. The location was identified by testimony as to route number and general features and the photograph was described as fairly and correctly representing and portraying the scene. The other (Exhibit 1) was a picture of an automobile motor which was identified as looking "like the motor of the 1957 Ford."

"The question of the sufficiency of the preliminary proofs to identify photographs, or to show that it is a fair or accurate representation of the objects which it purports to portray,

is a question committed to the discretion of the trial judge." *Johnson v. State,* 158 Ga. 192, 198 (123 SE 120); *Rosenthal v. O'Neal,* 108 Ga. App. 54 (2) (132 SE2d 150). "From early times the Georgia Supreme Court has followed a liberal policy toward the allowance of photographic evidence." *Cagle Poultry & Egg Co. v. Busick,* 110 Ga. App. 551, 552 (139 SE2d 461). The photographs were sufficiently identified and no error occurred in their admission.

2. It is contended that the trial judge refused to allow the defendant's attorney to cross examine the State's witness in reference to the photographs but this is directly refuted by the transcript. It is shown that the court informed defendant's counsel that "you will have an opportunity to do so [cross examine]" and shortly thereafter informed counsel "if you wish to question the witness on them [photographs], you may do so." And counsel did cross examine.

3. The evidence having supported the verdict and the only other enumeration of error having been abandoned, the judgment is affirmed.

*Judgment affirmed. Jordan and Pannell, JJ., concur.*

SUBMITTED APRIL 4, 1967—DECIDED MAY 30, 1967.

*Oliver, Oliver & Rea, Robert F. Oliver,* for appellant.
*Reid Merritt, Solicitor General,* for appellee.