45861.   JOHNSON v. COOK.

ARGUED JANUARY 7, 1971—DECIDED FEBRUARY 11, 1971.

*Irwin M. Levine,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, G. Robert Howard,* for appellee.

EVANS, Judge.!1. Plaintiff filed suit because she was injured in an automobile collision, and the jury returned a verdict in her favor for $162, which was the amount she alleged to be due for hospital, doctors' and ambulance bills. She seeks a new trial, contending, among other things, that the verdict was inadequate and was the result of bias and prejudice, in that she was not awarded any sum for her pain and suffering, which she also alleged and sought as damages.

Defendant contends that her injuries were so slight that the jury would not have been authorized to render anything but a small verdict; that the jury could have reduced, as unreasonable, improper and unnecessary, the medical expenses that she had incurred in the sum of $162 for hospital and doctors' and ambulance bills, and that a substantial amount of the verdict was assessed for the slight injury plaintiff suffered.

Construing the evidence most favorably towards upholding the verdict, as must be done since it has the approval of the trial judge, we find that the plaintiff, who was 83 years of age, suffered a very slight injury to her nose, and to her knee and leg; that she had suffered aches in her leg since she was a child; that she visited two doctors, but one of them was visited because her counsel suggested it; that her doctor put a band-aid on her nose, and bandages on her bruised knees, and felt she would make a complete recovery. She testified to some emotional upset since the injury, but no medical testimony was offered as to the extent thereof. There was no evidence whatever that the hospital bill—or ambulance bill—was reasonable, and the evidence strongly suggests the second doctor was not required and patient's visit to him was of no benefit to her. As to medical expenses, the law requires proof that they are both "reasonable and necessary," arising out of the particular injury incurred before they are recoverable. *Taylor v. Associated Cab Co.,* 110 Ga. App. 616 (2) (139 SE2d 519). It has been held that introducing the doctor's bill and then

introducing the doctor himself ordinarily cures any error in failure to specifically testify that the bills were "reasonable and necessary." *Johnson v. Rooks,* 116 Ga. App. 394, 397 (2) (157 SE2d 527." But in the case sub judice there was no proof whatever that the *hospital bill* or the ambulance bill were "reasonable," and as to the bill of one of the physicians, Dr. Loughlin, it was shown that the patient was referred to him by the first physician who treated plaintiff, solely because her attorney suggested it, and it does not appear that such treatment was necessary or that it benefited the patient.

Even when a physician testifies that in his opinion, certain medical or hospital bills are necessary and reasonable, he is testifying as an expert, and a jury may give such credence to the testimony as they see fit, and may disregard it completely, even though uncontradicted by any other witness. *Ocean Acc. &c. Corp. v. Lane,* 64 Ga. App. 149 (1) (12 SE2d 413). Thus, the jury could and may have awarded a part of the total verdict for special expenses and a part thereof for pain and suffering. The evidence must be construed most strongly toward upholding a verdict which has the approval of the trial judge. "After a verdict, the evidence is construed in its light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict. *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146); *Southern R. Co. v. Brock,* 132 Ga. 858, 862 (64 SE 1083); *Stapleton v. Amerson,* 96 Ga. App. 471 (5) (100 SE2d 628); *Young Men's Christian Assn. v. Bailey,* 112 Ga. App. 684, 690 (146 SE2d 324). *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (1) (173 SE2d 232). The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias. *Code* § 105-2015.

The only measuring stick for pain and suffering is the "enlightened conscience of impartial jurors." See *Trammell v. Atlanta Coach Co.,* 51 Ga. App. 705 (2) (181 SE 315); *Redd v. Peters,* 100 Ga. App. 316 (1) (111 SE2d 132).

In *Pierson v. M. & M. Bus Co.,* 74 Ga. App. 537 (40 SE2d 561), the plaintiff, who had been injured while riding on a passenger bus, sued for $15,000 general damages, and $390.15 special damages. The jury returned a verdict in her favor for $390.15, of

which she complained as being inadequate. At page 540 this court held: "It seems to us that the verdict found by the jury, although it was in the exact sum claimed as special damages, could have included in the minds of the jury some amount for pain and suffering or general damages. We can not say as a matter of law that the verdict was inadequate or so small as to justify an inference of gross mistake or undue bias. 'The presumptions are in favor of the validity of the verdict of a jury, and the verdict should be construed so as to stand, if practicable.'" Also, on this same question see *Rosenthal v. O'Neal,* 108 Ga. App. 54 (1) (132 SE2d 150), and *McBowman v. Merry,* 104 Ga. App. 454 (1) (122 SE2d 136). In the *McBowman* case, a verdict was rendered for less than the amount of the plaintiff's proved medical expenses and was held not to be so inadequate as to require a new trial. In that case, at page 456, it is shown that "there was testimony tending to show that the plaintiff's complaints were at least partially related to her physical condition prior to the collision," and to that extent it parallels the case sub judice.

In view of these authorities, it cannot be said that the damages were inadequate or so small as to justify an inference of gross mistake or undue bias.

■ Plaintiff complains of an alleged ruling holding the Carlisle Mortality Table as being inadmissible. Counsel for plaintiff argues that the court, by striking a proposed stipulation as to age, life expectancy by said table and the probable duration of the injuries as permanent, from the pre-trial order, effectively prevented his offering this table in evidence. This portion of the pre-trial order would, if approved, have admitted the facts contained therein, not requiring any further proof. But by striking this part of the proposed stipulation, apparently on the objection of defendant's counsel, the court still might have allowed same in evidence based upon other evidence showing the injuries were permanent. Since counsel failed to offer the Carlisle Mortality Table in evidence, the error enumerated that the same was ruled inadmissible by the court is not borne out by the record, and the same is not meritorious.

■ As to the third enumeration of error *Code* § 81-1009 makes it the duty of the trial judge to interpose and prevent the making by

counsel of statements of prejudicial matter in the hearing of the jury, "which are not in evidence." This rule likewise applies to the examination of witnesses by counsel. It appears from the record that plaintiff's counsel had several times sought to introduce inadmissible matter, and objection had been made thereto, and finally, in the absence of the jury the trial court reprimanded him. When the jury was called back the jury was instructed as to such reprimand. Plaintiff's counsel made no motion for mistrial because of this allegedly prejudicial statement of the trial judge. It was the duty of the trial judge to take such steps as were in his opinion necessary to prevent the placing of inadmissible matter before the jury by plaintiff's counsel, and in such action the law vests in him a very, very wide discretion. *Ga. Power Co. v. Puckett,* 181 Ga. 386 (182 SE 384); *Brooks v. State,* 183 Ga. 466 (188 SE 711, 108 ALR 752); *Smith v. State,* 204 Ga. 184, 188 (48 SE2d 860).

If counsel for the plaintiff felt that the court had been unnecessarily harsh in reprimanding him, and that his client's case was damaged thereby, it was incumbent upon him to move for a mistrial, which he did not do. See *McKenzie v. State,* 28 Ga. App. 33 (2) (110 SE 248); *Redd v. State,* 28 Ga. App. 483 (111 SE 685). Thus, no error is shown here. None of the grounds of complaint is meritorious.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*