45800. McAFEE v. FICKLING & WALKER
DEVELOPMENT COMPANY., INC.

BELL, Chief Judge. In this personal injury suit, the plaintiff in her complaint limited her damages to $22,000 for pain and suffer-

ing and $480 for loss of earnings. No damages for medical expenses were pleaded. The jury returned the following verdict: "We, the jury, find for the plaintiff $480 earnings lost and actual medical expenses accrued upon proof of payment (no interest)."

This verdict was handed to the clerk, and exhibited to both counsel. An unreported colloquy between counsel and court ensued. Then the court instructed the jury that in its opinion the verdict in the form in which it was presented was not a legal verdict, instructed them further on the form of the verdict and the jury returned to the deliberation room. Prior to their again returning, plaintiff filed written notice of dismissal with the court. The defendant then moved to dismiss the voluntary dismissal which was denied. The trial court held at this time that no legal verdict had been returned and treated the suit as a dismissed case and thereupon discharged the jury. Subsequently, the trial court granted defendant's motion for an order striking plaintiff's voluntary dismissal and for entry of judgment in favor of plaintiff in the amount of $480. *Held:*

If the verdict returned by the jury in this case was void then the plaintiff's dismissal was timely and authorized. Section 41 (a) of the Civil Practice Act provides that a plaintiff may voluntarily dismiss his action by filing written notice "at any time before verdict." *Code Ann.* § 81A-141 (a). It is contended by plaintiff that since she asked for compensation for pain and suffering in one amount and for lost wages in another, and further since the jury's verdict failed to find for or against the plaintiff's claim for pain and suffering the verdict was intrinsically defective and illegal as it did not cover the issues made by the pleadings as required by *Code* § 110-101. "Verdicts shall have a reasonable intendment and shall receive a reasonable construction, and shall not be avoided unless from necessity." *Code* § 110-105. An examination of this verdict shows unquestionably that the jury intended to award $480 for loss of earnings, the precise amount sought for this element of damage by the plaintiff. The remaining portion of the verdict concerning medical expenses relates to an item of damage which the plaintiff did not ask for in her complaint and both parties admit that no evi-

dence of any medical expense was tendered. By any reasonable construction of this verdict it is clear that the jury covered the issue of pain and suffering. The verdict's silence demonstrates an intent to award plaintiff nothing for this element of damage. The part of the verdict as to medical expenses was uncertain and indefinite but since the part pertaining to loss of earnings was unquestionably valid the question is posed as to whether the meaningless, unwarranted, indefinite and uncertain portion renders the entire verdict void. Superadded, meaningless surplusage in a verdict may be disregarded and stricken. *North & South St. R. Co. v. Crayton*, 86 Ga. 499 (12 SE 877); *Fraser v. Jarrett*, 153 Ga. 441, 454 (112 SE 487). When the surplusage is stricken there remains a valid and lawful verdict in the amount of $480. Since it was published at the direction of the court and exhibited to counsel it was beyond the power of plaintiff's counsel to dismiss the case. *Haughton v. Judsen*, 116 Ga. App. 308 (157 SE2d 297).

It is further urged by plaintiff that counsel for the defendant agreed that the verdict was unlawful and that defendant is bound by this agreement. The record does not reflect this agreement.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED JANUARY 4, 1971—DECIDED APRIL 14, 1971.

*Mullis & Brown, S. Phillip Brown*, for appellant.
*Harris, Russell & Watkins, Philip R. Taylor*, for appellee.