## 49924. BARNES v. CORNETT.

EVANS, Judge.

Loretta G. Barnes was involved in a collision of automobiles at an intersection in Atlanta in October, 1971, as a result of which she was injured. In December, 1971, she was involved in another collision while driving an automobile on Hunter Street, the other automobile being driven by Patricia K. Cornett.

Mrs. Barnes sued Miss Cornett, seeking damages for personal injury, medical expense, lost wages and permanent physical impairment. The case proceeded to trial, and the trial court directed a verdict for plaintiff as to liability, and the jury rendered a verdict in plaintiff's behalf for $1,700 as damages.

Plaintiff was dissatisfied with the amount of the verdict, and filed her motion for new trial which was denied. Plaintiff appeals. *Held:*

1. We omit from consideration all questions of negligence, as only the amount of the verdict is involved.

2. Every presumption is in favor of the validity of a verdict, and it should be construed so as to stand, if practicable. *Johnson v. Cook,* 123 Ga. App. 302, 305 (180 SE2d 591); *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (1) (173 SE2d 232); *Pierson v. M. & M. Bus Co.,* 74 Ga. App. 537 (40 SE2d 561).

3. Plaintiff contends that defendant's counsel had argued to the jury that the amount of lost wages and medical expense amounted to $1,700; had written this figure on a blackboard for emphasis to the jury; and contended plaintiff should not recover any sum in excess thereof; and the jury returned a verdict for that amount. She contends this was inadequate because nothing was allowed for pain and suffering. But while this may have been the exact sum claimed as special damages (appellant failed to point to the place in the transcript where it was shown that this was the exact sum of the lost wages and medical expense), the jury may have reduced either or both of these items. It cannot be said as a matter of law that the jury failed to allow any amount for pain and suffering. See *Johnson v. Cook,* 123 Ga. App. 302, supra. The law requires proof that the medical expenses arose

from the injury sustained, and that they are reasonable and necessary before they are recoverable. *Taylor v. Associated Cab Co.,* 110 Ga. App. 616 (2) (139 SE2d 519). Plaintiff failed to prove all her medical expenses were reasonable and necessary. Further, there was testimony tending to show this was the second injury to the plaintiff within a few months, and the jury could have decided some or all of her injuries were caused by the first collision. See *Rosenthal v. O'Neal,* 108 Ga. App. 54 (1) (132 SE2d 150); *McBowman v. Merry,* 104 Ga. App. 454, 456 (122 SE2d 136). Under the above circumstances, it has not been shown that the damages awarded were inadequate or so small as to justify an inference of gross mistake or undue bias, nor has it been shown that the jury did not render a verdict for something as to pain and suffering.

4. Enumerations numbers 2, 3, 4, 9, 10, and 12 all involve the question of whether or not "lost earnings and lost earning capacity" were involved in this case. The complaint alleged that plaintiff had suffered pain and suffering and lost wages and permanent impairment to her body. Plaintiff proved what she was earning immediately before the injury, what wages she lost until time of filing her complaint, and then introduced evidence from which it could be concluded that she had suffered a decrease in her capacity to labor to the extent of 15%. But *lost earning capacity* is one thing, and *lost ability to labor* is a decidedly different matter. The latter is characterized as an element of damage in the nature of pain and suffering. See *Railway Express Agency v. Standridge,* 68 Ga. App. 836, 837 (24 SE2d 504); and the amount therefore is determined by the enlightened consciences of impartial jurors. *Redd v. Peters,* 100 Ga. App. 316 (1) (111 SE2d 132). Lost or decreased ability to earn money is capable of proof, and must be proven with reasonable certainty before the trial court may properly charge on this question. *Rogers v. Wilson,* 100 Ga. App. 301, 303 (111 SE2d 251); *Atlanta Coca-Cola Bottling Co. v. Deal,* 66 Ga. App. 211 (17 SE2d 592). It is not enough to prove that *ability to labor* has been reduced by a fixed percentage, as there may or may not be a corresponding decreased earning capacity. We hold that the proof offered by plaintiff was not sufficient to create a justiciable issue as to lost

earning capacity and the trial court properly refused to submit this issue to the jury.

5. Plaintiff requested the court, in writing, to charge the jury as follows: "Ladies and Gentlemen of the jury, I charge you that continued physical pain without improvement over a period of time can indicate that injuries are permanent with or without supporting medical testimony."

There was evidence, both from plaintiff and Dr. McCree, to support her contention that she had a permanent injury, and plaintiff also testified that she was suffering pain at the time of trial just as she had soon after the collision. The evidence, therefore, warranted the requested charge. It was held in *Reed v. Peters,* 100 Ga. App. 316, 322 (4), supra, that it is proper to charge the jury that continued pain without improvement can indicate the injury is permanent. But here the jury found a verdict for $1,700 in favor of the plaintiff and from the evidence adduced we cannot say that such general verdict did not include damages for permanent injuries. If the jury did so find, the failure to give a requested charge was harmless error. The duty is on the appellant not only to show error, but to show harmful error. Injury as well as error must affirmatively appear to obtain a reversal. *J. C. Collier Co. v. Murphey,* 108 Ga. 777 (33 SE 641); *First Nat. Bank of Chattanooga v. American Sugar Refining Co.,* 120 Ga. 717 (48 SE 326).

6. The plaintiff had filed an earlier claim for personal injuries in the collision of October 1971, whereas the present action was filed because of injuries alleged to have been received in a collision of December 1971. The trial court properly allowed evidence as to plaintiff's claim for injuries in the first action, as it was material evidence to be considered by the jury, and so it might be determined whether all or part of her injuries flowed from the first collision or the last one. We are not unmindful that aggravation of an existing injury is actionable, and if the last collision aggravated injuries received in the first collision, that would have been relevant. See *City of Atlanta v. Hampton,* 139 Ga. 389, 390 (5) (77 SE 393); *Whatley v. Henry,* 65 Ga. App. 668 (4, 5), 669 (16 SE2d 214).

The case of *Thompson v. Milam,* 115 Ga. App. 396 (154 SE2d 721), cited by plaintiff, is in reference to a release of liability for bodily injury under the terms of an uninsured motorist policy by the insured, and has no application here. Nor did the injuries here result at one time from concurrent causes as did those in *Adams v. Jackson,* 45 Ga. App. 860 (2) (166 SE 258). Here there were two separate collisions several months apart.

7. Plaintiff contends the court injured her case in ruling on the objections and stating: "In other words, the testimony is that she filed a claim growing out of the first incident, which I'm admitting, and as a result of the filing of that claim there was an adjustment." The court was merely commenting on what evidence had been introduced; not on the truth thereof. The court did not judicially endorse and approve this testimony. No opinion as to the evidence was expressed or endorsed as was done in *Florida C. & P. R. Co. v. Lucas,* 110 Ga. 121 (2), 128 (35 SE 283), cited by plaintiff in support of this complaint.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

ARGUED NOVEMBER 6, 1974 — DECIDED FEBRUARY 13, 1975 — REHEARING DENIED MARCH 4, 1975 — ■

*Martin, Skinner, Adkins & Horton, William L. Skinner,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Homer A. Houchins, Jr.,* for appellee.