56340. KEATON et al. v. FENTON et al.
56341, 56342. CHANCEY v. FENTON et al. (two cases).

WEBB, Judge.

Plaintiffs brought suit to recover for the injuries and deaths of their children resulting from a collision of their automobile with an alleged family-purpose automobile owned by Marvin DeReus and being driven by his minor son, Robert, with four of his friends as passengers. Subsequent to the filing of the complaints against these two, plaintiffs added the Kroger Company as a party defendant, contending that it should be held liable for the injuries sustained at the hands of the intoxicated Robert because it had furnished alcoholic beverages to him and his companionate passengers.

That attempt to hold the supplier of the intoxicants aborted on motion for summary judgment, however (*Keaton v. Kroger Co.*, 143 Ga. App. 23 (237 SE2d 443) (1977)); and plaintiffs once again cast about for additional defendants, this time bringing in Robert's companions who had shared in planning the evening's events and the consumption of the intoxicants, contending that although they were only passengers in the DeReus automobile they should nevertheless be held liable under the proposed principle that they who drink together should pay together if one of the group injures a third party.

The trial court rejected that contention by granting summary judgment to the passengers, and we affirm since we know of no support for such a rule of law. *Hood v. Evans,* 106 Ga. App. 360 (126 SE2d 898) (1962), where the passenger gave a signal out the car window to start a drag race on a busy thoroughfare, is inapposite here. Rather we think that if, as we ruled in the prior appeal, Kroger cannot be held for supplying the intoxicants to the group in the first instance, it must follow that the members of the group could not be held for sharing them with each other.

Nor can liability as for a joint venture attach solely by virtue of a common excursion in pursuance of joint interests—there must, at least, be "an equal right, express or implied, to direct and control the conduct of

each other in the operation of the conveyance." *Holland v. Boyett,* 212 Ga. 458 (1) (93 SE2d 662) (1956). It is undisputed that the passengers here had no such right, nor assumed to exercise it, and they were properly released on motion for summary judgment.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED SEPTEMBER 5, 1978 — DECIDED SEPTEMBER 28, 1978 — REHEARING DENIED OCTOBER 18, 1978 IN CASE NO. 56340 —

*Malone & Percilla, Del Percilla, Jr., Thomas William Malone,* for appellants (Case No. 56340).

*Frank Faulk, Jr., Del Percilla, Jr.,* for appellant (Case Nos. 56341, 56342).

*Hatcher, Cook & Strickland, Charles Hatcher, Jones. Cork, Miller & Benton, Carr Dodson, Mark Gonnerman, Langstaff, Campbell & Plowden, R. Edgar Campbell, Divine, Wilkin, Deriso & Raulerson, Edgar B. Wilkin, Jr., Hodges & Erwin, K. B. Hodges, Jerry W. Brimberry, Watson, Spence, Lowe & Chambless, G. Stuart Watson,* for appellees.