## A90A1734. SALVADOR et al. v. COPPINGER.
### (401 SE2d 590)

Beasley, Judge.

The application to appeal of plaintiffs Salvador was granted to consider the denial of their motion for new trial and other claimed errors in their suit arising from an automobile accident. The focus is on the amount of damages awarded.

Plaintiff Salvador was separated from her husband, a resident of Georgia, and was staying with her parents in Tennessee. She had exclusive possession of their unregistered, uninsured car.

Salvador was driving with her minor son[1] as a passenger when they were involved in a collision with Coppinger. She was thrown through the windshield and suffered severe lacerations of her face, incurring medical expenses of $2,575.50. The child's injuries resulted in medical expenses of $1,130.35. Damages were also sought for her lost wages and for the pain and suffering of both mother and son. Coppinger, who was not injured, counterclaimed for damages to his vehicle, contending the wreck was due to plaintiff's sole or contributory negligence.

The jury, using an interrogatory verdict form, awarded plaintiffs a total amount equal to the exact amount of the medical expenses requested and proved, but left blank the spaces provided for pain and suffering, lost wages, other expenses, and property damage.

1. The Salvadors, in the first three enumerations, contend (1) the court erred in denying a new trial because the verdict was grossly inadequate in that no amount was given for actual damages other than medical expenses; (2) the court erred in refusing to give their requested jury instruction that pain and suffering are inferred from injury as a matter of law.

(a) For enumerations 1 and 3 we have in the record only the transcribed charge of the court and the deposition testimony of the doctor who treated Mrs. Salvador, most of which deposition was presented to the jury as evidence. The assertions of lost wages, property damage, and loss of personal articles referenced in the brief are not considered,

---

[1] Her husband was named as a plaintiff solely to serve as next friend of their minor son.

there being no evidence of them before this court. " 'The burden is on him who asserts error to show it affirmatively by the record (cit.). The brief cannot be used in lieu of the record for adding evidence to support a claim of error. (Cit.)' (Punctuation omitted.) *Cantrell v. Red Wing Rollerway*, 184 Ga. App. 506 (2) (361 SE2d 720) (1987)." *Gurly v. Hinson*, 194 Ga. App. 673, 674 (4) (391 SE2d 483) (1990). Thus, we consider only the pain and suffering aspect of damages.

Damage is ordinarily a jury question, OCGA § 51-12-12 (a), because it is an issue of fact. The law, however, does impose maximum and minimum limits, forbidding both "excessive" and "inadequate" damages. As worded in the 1987 amended version of the statute, the court is prohibited from interfering with the factfinder's verdict "unless the damages awarded . . . are clearly so inadequate or so excessive as to be inconsistent with the preponderance of the evidence . . . ."

With respect to actual damages for pain and suffering, these "are determined solely by the enlightened conscience of an impartial jury," *International Assn. &c. Local 387 v. Moore*, 149 Ga. App. 431, 432 (1) (254 SE2d 438) (1979), and that is what the trial court must respect. On appeal, we will not disturb an award "unless it is so flagrant [a departure from the evidence] as to 'shock the conscience.' " *Cullen v. Timm*, 184 Ga. App. 80, 83 (2) (360 SE2d 745) (1987); *Medlin v. Royston Lumber &c.*, 193 Ga. App. 608, 610 (3) (388 SE2d 861) (1989). Although an excessive or inadequate verdict is a mistake of fact rather than of law, *Atlanta Transit System v. Robinson*, 134 Ga. App. 170, 171 (1) (213 SE2d 547) (1975), the trial court would have to exercise its own judgment in measuring the damages by the statutory yardstick, when confronted with a motion for new trial on this ground.

The fact that the verdict awarded was the exact amount of medical expenses proven, which was stipulated by the parties, does not ipso facto shock the conscience of the court or prove no award was made for pain and suffering. *Coker v. State Farm &c. Ins. Co.*, 193 Ga. App. 423, 424 (2) (388 SE2d 34) (1989). "[W]hile this may have been the exact sum claimed as special damages [medical expenses and lost wages] . . . , the jury may have reduced either or both of these items. It cannot be said as a matter of law that the jury failed to allow any amount for pain and suffering. See *Johnson v. Cook*, 123 Ga. App. 302, [305 (180 SE2d 591) (1971)]." *Barnes v. Cornett*, 134 Ga. App. 120 (3) (213 SE2d 703) (1975). See *McAfee v. Fickling & Walker Dev. Co.*, 123 Ga. App. 647, 649 (182 SE2d 146) (1971).

In the present case, there was at the time of the decision on the motion for new trial and there is now no way to determine the weighing and analysis engaged in by the jurors. Here, even with the special interrogatory verdict form, it cannot be said that the trial court

abused its discretion in concluding that the verdict was not inadequate because the jury did not designate some amount as pain and suffering damages, so as to require a new trial. *St. Paul Fire &c. Ins. Co. v. Dillingham*, 112 Ga. App. 422 (145 SE2d 624) (1965). See *Jones v. Spindel*, 128 Ga. App. 88, 96 (2) (196 SE2d 22) (1973). For one thing, there was a claim of contributory negligence by Coppinger and the jury may have chosen to offset these damages, leaving the amount designated for medical expenses on the verdict form to represent the final damages awarded to plaintiffs.

Without the full transcript to consider, we must assume that the trial court's conclusions in denying the motion for new trial on the inadequacy of the verdict were proper. *McClaskey v. Jiffy Lube*, 197 Ga. App. 537 (398 SE2d 825) (1990); *Windom v. State*, 187 Ga. App. 18, 19 (2) (369 SE2d 311) (1988); *In re R. L. Y.*, 181 Ga. App. 14, 16 (351 SE2d 243) (1986). "Moreover, the trial court's approval of the verdict creates a presumption of correctness that will not be disturbed absent compelling evidence." *Cullen*, supra at 83 (2).

(b) At the conclusion of the charge, which included a thorough instruction on the issue of pain and suffering, plaintiffs voiced a blanket objection to the failure to give all their requests to charge not given by the court. Plaintiffs contend in this tribunal that it was error to fail to give their request number 24: "Bodily pain and suffering are inferred from personal injury, and loss of time from the disabling effect thereof." The charge is based on language in *County of Bibb v. Ham*, 110 Ga. 340, 341 (35 SE 656) (1900).

Assuming the objection properly preserved the matter for appeal, *Glenridge Unit Owners Assn. v. Felton*, 183 Ga. App. 858, 860 (6) (360 SE2d 418) (1987), it was not error to refuse to give the requested charge. "In order for a refusal to charge to be error, the requests must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge. [Cit.]" *Medoc Corp. v. Keel*, 166 Ga. App. 615, 618 (2) (305 SE2d 134) (1983). "The mere fact that a requested charge was taken from an opinion of our appellate courts does not render its use appropriate in charging the jury. [Cits.]" *Kamor v. Fireman's Fund Ins. Co.*, 133 Ga. App. 234, 238 (5) (211 SE2d 179) (1974); *Citizens Bank &c. v. Hooks*, 173 Ga. App. 865, 867 (3) (328 SE2d 755) (1985).

The charge given fully covered pain and suffering; the refusal to give the additional charge was not error.

2. At the conclusion of the trial, the court made a finding that "the vehicle in question under the evidence as a whole should have been registered in the State of Georgia, that it was unregistered in any state, not registered anywhere." It then wrote off $2,500 for both mother and son, based on OCGA §§ 33-34-4 & 33-34-9 (b) and *Davidson v. Bradford*, 245 Ga. 8 (262 SE2d 780) (1980).

The mother contends the write-off is erroneous because the car was not required to be registered in Georgia. Since we are provided no evidence upon which to contradict the court's factual ruling, *Cantrell*, supra, we are bound by its finding and must conclude the write-off as to her was proper. *Davidson*, supra; *Glover v. Grogan*, 162 Ga. App. 768, 771 (5) (292 SE2d 465) (1982).

This does not apply to the passenger, who may recover to the full extent of his rights under tort law. *Eidson v. Reagin*, 146 Ga. App. 814, 815 (247 SE2d 486) (1978).

*Judgment affirmed with direction to the court to enter a judgment in accordance with the verdict as to plaintiff Matthew Salvador by next friends Janie Sue Salvador and Steve Salvador. Pope and Andrews, JJ., concur.*

DECIDED JANUARY 28, 1991.

*Amy A. Petulla, Christopher A. Townley*, for appellants.
*Gleason & Davis, John W. Davis, Jr., David J. Dunn, Jr.*, for appellee.