A90A0766. LEE et al. v. BRITT.
(406 SE2d 535)

BANKE, Presiding Judge.

The appellants, Mr. and Mrs. Lee, sued the appellee to recover for personal injuries, property damage, and loss of consortium sustained as a result of an automobile collision. A jury returned a verdict awarding Mr. Lee total damages in the amount of $2,023.94, while awarding Mrs. Lee $247 for her personal injuries and $500 for loss of consortium. After giving the appellee a credit for certain no-fault insurance benefits which had been paid to the appellants, the trial court entered judgment in favor of Mr. Lee in the amount of $563.58 and in favor of Mrs. Lee in the amount of $500. The Lees appealed to this court; and, in a decision reported at 196 Ga. App. 152 (395 SE2d 347) (1990), we dismissed based on a conclusion that a direct appeal was not authorized under the circumstances. The Supreme Court reversed that decision in *Lee v. Britt*, 260 Ga. 757 (400 SE2d 5) (1991), and the case is back before us for a decision on the merits. The appellants' sole contention is that the damages awarded to them were so inadequate as to reflect bias or prejudice against them on the part of the jurors in that the award was less than the total aggregate amount of their "liquidated" damages.

The evidence introduced at trial showed that the appellee, who was 87 years old at the time, collided head-on with the appellants while attempting to access an interstate highway via an exit ramp. The appellee was not injured, and the appellants were treated at a local emergency room and released. They thereafter resumed their

normal work schedules, experiencing no loss of time from work. The accident occurred on March 20, 1985. In April of 1985, Mr. Lee was examined by an orthopedic surgeon, who diagnosed him as suffering from cervical and thoracic strain. However, this physician testified that by December of 1985, the appellant had substantially recovered from any injuries he may have sustained in the accident. Subsequently, in March of 1986 and in August of 1986, the appellant sustained on-the-job injuries to his back which left him unable to work. The parties stipulated that any medical bills incurred by him as a result of these job-related injuries were not subject to recovery in the present case. Mr. Lee introduced total medical bills in the amount of $1,594.72. Mrs. Lee introduced emergency room bills in the amount of $155, a bill for an examination by an orthopedic surgeon in the amount of $92, a $270 bill for a neurological examination which she had received three years after the accident, and bills for dental treatment (a root canal and crown) which she had received subsequent to the accident in the amount of $730. *Held*:

"The general rule on appeal of an award of damages is that a jury's award cannot be successfully attacked so as to warrant a new trial unless it is so flagrantly excessive or inadequate, in the light of the evidence, as to create a clear implication of bias, prejudice, or gross mistake on the part of the jurors. (Cits.) Even though the evidence is such as to authorize a greater or lesser award than that actually made, the appellate court will not disturb it unless it is so flagrant as to 'shock the conscience.' [Cits.]" *Cullen v. Timm*, 184 Ga. App. 80, 82-83 (2) (360 SE2d 745) (1987). See also OCGA § 51-12-12.

It would appear that Mr. Lee was in fact awarded damages in excess of his medical expenses. The jury's failure to award Mrs. Lee the full amount of the medical expenses which she sought to recover does not create a clear implication of bias, prejudice, or gross mistake under the circumstances, inasmuch as the jury could have determined from the evidence that not all of these expenses were necessitated by the accident. See generally *Johnson v. Cook*, 123 Ga. App. 302 (180 SE2d 591) (1971).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JUNE 5, 1991.

*Kunes & Kunes, G. Gerald Kunes*, for appellants.
*Simpson & Gray, Joseph B. Gray, Jr.*, for appellee.