A91A1812. DAVID JORDAN LOGGING COMPANY et al. v. SALES.
(416 SE2d 803)

POPE, Judge.

In this workers' compensation case, the employer appeals the order of the Superior Court which affirmed the award of temporary total disability benefits by the Workers' Compensation Board.

1. We reject the employer's argument that the award is unsupported by evidence of disability. Although the medical evidence was in conflict, one of the claimant's treating physicians testified the claimant was unable to work full-time and testified to the restrictions on the claimant's activities which he believed were necessary. These restrictions would preclude the claimant from performing his pre-in-

jury job as a logger. The record supports the finding that the employer has not offered the claimant limited work. Thus, pursuant to the any evidence rule, the evidence was sufficient to support an award of benefits.

2. We agree, however, that the order affirming the award of the board and the ALJ must be reversed because the ALJ improperly excluded relevant evidence which the employer attempted to present. One of the employer's defenses to the claim was that the claimant was malingering. The employer presented the deposition testimony of one of the claimant's treating physicians who testified he found no physical reason for the claimant's continued complaints, that some of the claimant's complaints were due to a hysterical reaction to the injury and that psychological factors could be a cause of his continued complaints. At the hearing, the ALJ refused to permit the employer to cross-examine the claimant concerning the existence of a sizable IRS tax lien filed against the claimant. The employer argues the topic of the IRS lien is relevant to show motive for malingering because workers' compensation benefits are not subject to such a lien, whereas earnings are.

Pursuant to OCGA § 34-9-102 (e) (1), in a workers' compensation proceeding "[a] party may conduct such cross-examination as required for a full and true disclosure of the facts." Moreover, workers' compensation hearings are subject to the same rules of evidence that apply to civil proceedings. Id. Consequently, a party in a workers' compensation case is entitled to a "thorough and sifting cross-examination" of adverse witnesses. OCGA § 24-9-64. "[Fundamental constitutional rights] require that every party have the opportunity to conduct a thorough and sifting cross-examination of all witnesses against him, especially where the witness is the opposite party to the cause on trial, and is testifying for the purpose of making out his own case. These rights are granted to all parties, defendants as well as plaintiffs, and are applicable in workers' compensation proceedings." (Citations and punctuation omitted.) *Hart v. Owens-Illinois, Inc.*, 165 Ga. App. 681, 682 (302 SE2d 701) (1983).

It is true, as the claimant argues, that "[q]uestions of relevancy of evidence, which includes the issue of materiality, are for the court, and in the absence of an abuse of judicial discretion, this court will not interfere." *MacNerland v. Johnson*, 137 Ga. App. 541, 542 (1) (224 SE2d 431) (1976). In this case, however, we conclude that evidence relating to the employer's defense of malingering is relevant and admissible. " 'Any evidence is relevant which logically tends to prove or disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant.' [Cits.]" *Owens v. State*, 248 Ga. 629, 630 (284 SE2d 408) (1981). In *Owens*, evidence relating to the

criminal defendant's motive was deemed relevant. Likewise, in a workers' compensation case in which malingering is raised as a defense, evidence tending to show a motive for malingering is relevant. We conclude the ALJ erred in preventing the employer from pursuing its right to a thorough and sifting cross-examination of the claimant in regard to the tax lien and, thus, the Superior Court erred in affirming the award. The judgment is reversed with direction to remand the case to the board for further proceedings in accordance with this opinion.

*Judgment reversed with direction. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 3, 1992 —
RECONSIDERATION DENIED MARCH 18, 1992 —

*Lowendick & Speed, Kenneth B. Donahue,* for appellants.

*Marcus, Moskowitz & Associates, David H. Moskowitz,* for appellee.