### A96A2420. COOK v. PARTAIN.
(480 SE2d 279)

BLACKBURN, Judge.

Jo Ellen Cook sued Lee Partain, Jr., for assault, battery, and negligent and intentional infliction of emotional distress. Cook claimed that Partain, who was vice-chairman of a bank with which Cook had outstanding and overdue loans, placed his hand on her breast during a business meeting in June 1990. At a jury trial of the case, Cook testified the incident caused her psychological injury and "devastated" her ability to run her realty and advertising businesses. Her psychiatrist testified the incident caused a recurrence of post-traumatic stress disorder, resulting in the need for therapy and medication to control anxiety. Partain, who had known Cook as a business associate and friend for several years, testified that he merely

touched Cook on the sternum, outside her clothing, to emphasize a point during the private meeting. The jury found in his favor. On appeal, Cook claims the trial court erred by admitting into evidence several exhibits showing Cook's financial condition and instances of prior litigation. None of her enumerations mandate reversal of this case.

1. Cook claims error in the trial court's admission of documents showing Cook's involvement in four other lawsuits. This enumeration has no merit.

"The trial court has great discretion to determine relevancy and materiality of evidence, and admission is favored in doubtful cases." *Crozier v. State*, 263 Ga. 866, 867 (2) (440 SE2d 635) (1994). Unless the trial court abused its discretion, this Court will not interfere with the trial court's determinations on these evidentiary issues. *Hendricks v. Southern Bell Tel. &c. Co.*, 193 Ga. App. 264, 266 (4) (387 SE2d 593) (1989).

(a) The first lawsuit of which Cook complains is a verified complaint for false arrest she filed against a car dealership in April 1993, relating to an incident which occurred in November 1991. In that lawsuit, Cook sought in excess of $7,000 in psychiatric bills for treatment she claimed resulted from her false arrest. The verified complaint in that case contradicted Cook's testimony in this case that she had incurred $7,000 in psychiatric bills because of Partain's actions. It also contradicted her own psychiatrist's testimony that none of his treatment related to the "false arrest" incident. Therefore, the complaint was admissible as impeachment evidence. See *Krasner v. Lester*, 130 Ga. App. 234, 235 (1) (202 SE2d 693) (1973) (written statements by a witness and allegations in pleadings contradictory to her testimony at trial may be admissible for purposes of impeachment).

This evidence was also admissible to challenge and contradict Cook's assertion that her psychological treatment resulted from Partain's acts, as the source of her anxiety was a material issue in this case. See *Goforth v. Wigley*, 178 Ga. App. 558, 560 (2) (343 SE2d 788) (1986); *Barnes v. Cornett*, 134 Ga. App. 120, 122 (6) (213 SE2d 703) (1975). "[E]vidence concerning a plaintiff's 'other' injuries may be admissible to show that the injuries currently at issue are not the result of the defendant's alleged [acts]." *Wages v. Sibran, Inc.*, 171 Ga. App. 14, 15 (1) (318 SE2d 679) (1984).

(b) Two additional lawsuits admitted into evidence involved actions against Cook arising from transactions which occurred near the time of the incident involving Partain. The first of these was an action against Cook by her former boyfriend and his children over the assets of a business in which they were involved. Cook testified in the present case that when she created her realty and advertising businesses, she owned 100 percent of the stock in those ventures. She

also claimed on direct that her personal and business relationship with her former boyfriend was damaged by Partain's act and stated that the boyfriend had since sued her. On cross-examination, however, Partain introduced a copy of this lawsuit, which included a document she signed in 1988 stating she owned only 49 percent of the business. The suit, filed in December 1993, contained allegations that Cook had improperly transferred all the company stock to another person, in violation of the rights of her boyfriend and his children, and sought damages.

The second of these complaints was an action brought in May 1992, by another of Cook's business associates. He alleged that Cook had misappropriated money from him. In the present case, Cook denied on direct that she had ever lied to a business partner and claimed Partain's actions resulted in her business problems.

In addition, Cook and her psychiatrist testified that during the time he treated her, she was having anxiety related to these lawsuits. The trial court did not err in admitting evidence regarding these lawsuits. Such evidence was admissible to impeach Cook's assertions that her business failures resulted from Partain's actions, and to provide an alternative source for the anxiety which resulted in her psychiatric treatment. *Krasner*, supra; *Goforth*, supra; *Barnes*, supra.

(c) The final lawsuit involved an action Partain filed against Cook's company in 1992. As her own psychiatrist testified he treated Cook for anxiety resulting from this suit, this evidence was relevant on the issue of damages. *Barnes*, supra. This suit, as well as the other suits involving Cook's business problems, were also relevant as evidence of motive to support Partain's theory that Cook, involved in a business dispute with Partain, created false claims against Partain to gain leverage over the banker. See *David Jordan Logging Co. v. Sales*, 203 Ga. App. 410, 411-412 (416 SE2d 803) (1992) (evidence showing plaintiff had a motive to make false claims is relevant and admissible).

2. Cook also claims error in the trial court's admission of testimony showing Cook or her business had many loans in default to the bank at the time she claims Partain assaulted her. This evidence directly contradicts her testimony that Partain's acts "devastated" her business. It impeaches her testimony that her business was doing well at the time of Partain's alleged assault. See *West v. Nodvin*, 196 Ga. App. 825, 828 (3) (c) (397 SE2d 567) (1990) (tax liens admissible to impeach party's testimony that he paid all his bills). This evidence also shows an alternative source of Cook's anxiety. See *Barnes*, supra. Finally, this evidence supports Partain's theory that Cook falsely created these allegations to improperly influence Partain's or the bank's decisions regarding the refinancing of her loans. *Sales*, supra.

3. Cook asserts error in the trial court's admission of testimony that the IRS placed a lien on her business assets before the incident involving Partain. For each reason discussed in Division 2, supra, the admission of this evidence was not error. See *West*, supra.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 15, 1997.

*Kevin T. Moore*, for appellant.

*Smith, Howard & Ajax, Matthew G. Moffett, Dupree, Johnson & Poole, Hylton B. Dupree, Jr.*, for appellee.