### 38514. CARROLL v. YEARTY *et al.*

CARLISLE, Judge. 1. The first special ground of the motion for a new trial complains because the trial court excluded from the

evidence the testimony of a witness with respect to the damage done to one of the defendant's automobiles. This ground fails to state the name of the witness whose testimony was excluded, and fails to refer to any place in the record where such information might be found. It is, therefore, insufficient to present any question for decision by the trial court or by this court. *Hunter v. State,* 148 Ga. 566 (97 S. E. 523); *Childers v. State,* 100 Ga. App. 255, 259 (110 S. E. 2d 697).

2. The trial court did not err in rejecting the oral testimony of the city clerk that the speed limit in the City of Temple was 25 miles an hour where he testified that what he knew about it was merely hearsay and that he did not know of his own knowledge that there was an ordinance fixing the speed limit at 25 miles an hour, nor did the court err in refusing to admit in evidence a copy of the ordinance which copy was not properly exemplified. *Western & Atlantic R. Co. v. Hix,* 104 Ga. 11 (30 S. E. 424); *Code* § 38-606. Furthermore, one of the defendants, when called on cross-examination by the plaintiff, testified without objection that there was a speed limit sign just below the intersection where the collision occurred which showed the speed limit to be 20 miles per hour, and this evidence established prima facie proof that such was the speed limit (*Fields v. Jackson,* 102 Ga. App. 117 (3), 126, 115 S. E. 2d 877), and such testimony would render the exclusion of evidence that the speed limit was 25 miles per hour harmless, as to the plaintiff.

3. Where there are no allegations of special damages in the nature of medical expenses and where the plaintiff's physician testifies as to the nature and extent of the plaintiff's injuries, it is not error for the court to refuse to permit the plaintiff to testify as to the amount of her medical expenses incurred as a result of her injuries. Evidence must relate to the issues made by the pleadings, and unless it bears some reasonable relation to these issues, it ought not to be admitted. *Bower v. Douglass,* 25 Ga. 714 (2); *Peagler v. Davis,* 143 Ga. 11, 16 (5) (84 S. E. 59); *Hawkins v. Hodges,* 213 Ga. 837, 841 (3) (102 S. E. 2d 16); *Kelly v. Malone,* 5 Ga. App. 618 (2) (63 S. E. 639); *Chattahoochee Valley Ry. Co. v. Bass,* 9 Ga. App. 83 (8) (70 S. E. 683); *Davenport v. Whittier Mills Co.,* 74 Ga. App. 495, 497 (40 S. E. 2d 148); *Atlantic Coast Line R. Co. v. Sellars,* 89 Ga. App. 293 (2), 297 (79 S. E. 2d 35);

*Southern Gas Corp. v. Cowan,* 89 Ga. App. 810 (2), 813 (81 S. E. 2d 488). The evidence rejected did not reasonably tend to prove the nature and extent of the plaintiff's injuries, and, not being otherwise admissible, it was not error for the court to reject it.

4. The fourth special ground of the motion for a new trial complains of the following portion of the charge: "Now, gentlemen, I charge you in this case that if you find that both of the defendants are not liable you would go no further in your investigation but would return a verdict in favor of both of the defendants. If you find that one of the defendants is not liable then that same rule would apply and you would go no further but would return a verdict in favor of that defendant." This charge did not authorize the jury to cease their deliberations as to both defendants if they should find one of the defendants not liable, and it was not misleading and confusing to the jury for that reason as is contended by the plaintiff in error. It did not state an abstractly incorrect principle of law. It does not appear from this ground how or in what way this portion of the charge was not adjusted to the issues in the case and to the extent that the plaintiff seeks to assign error on this portion of the charge. For that reason this ground is incomplete and cannot be considered.

5. The evidence was in conflict, and while it did not demand a verdict for the defendants, this court cannot say that such verdict was not authorized. Accordingly, special ground 5 of the motion which complains of the refusal of the court to charge a pertinent legal proposition of law with respect to the measure of damages as applied to one element of the plaintiff's claim for damages shows no harmful error. Where the jury finds for the defendant, any error in the court's charge respecting the measure of damages is harmless unless it appears that there would or should have been a different result had the judge charged as contended. *Carstarphen v. Central of Ga. Ry. Co.,* 8 Ga. App. 162 (2) (68 S. E. 848); *Cohen Bros. v. Krumbein,* 28 Ga. App. 788 (3) (113 S. E. 58). It is not alleged in this ground of the motion that the failure of the judge to charge as contended precluded the jury from finding any damages for the plaintiff. It follows that this ground fails to show that the omission of the judge to charge was harmful error.

*Judgment affirmed. Townsend, P. J., Frankum and Jordan, JJ., concur.*

DECIDED NOVEMBER 9, 1960.

*Gilbert & Head, Aubrey Gilbert, Murphy & Murphy, Thomas B. Murphy,* for plaintiff in error.

*Shirley C. Boykin, Robert D. Tisinger, William J. Wiggins,* contra.