67631. WAGES v. SIBRAN, INC.

CARLEY, Judge.

Plaintiff-appellant brought suit to recover damages she allegedly suffered when she slipped and fell on defendant-appellee's premises. A jury verdict was returned for appellee and judgment was entered thereon. Appellant appeals.

1. It is first asserted that appellee was erroneously allowed to cross-examine appellant with regard to her involvement in two previous lawsuits arising from one incident which occurred in 1959 and another in 1969. With regard to the 1969 incident, however, the transcript shows that, although appellant was asked if she had commenced litigation as the result thereof, no answer was ever given to

this question. Only with regard to the 1959 incident did cross-examination elicit from appellant that she had filed a lawsuit. Only the fact that a lawsuit had been filed was brought out. Nothing was elicited concerning the results of the litigation or the award of any monetary damages to appellant.

Appellant contends that her involvement in the prior lawsuit was an irrelevant issue, the introduction of which was also prejudicial in that it portrayed her as being litigious. Appellee, on the other hand, asserts that appellant's previous testimony that the injuries she had received in 1959 were not serious rendered the cross-examination relevant in order to establish that those previous injuries were in fact serious enough to result in litigation.

The general rule is that evidence of similar acts or omissions of a party is irrelevant and inadmissible in a negligence action. OCGA § 24-2-2. However, as an exception to this rule, evidence concerning a plaintiff's "other" injuries may be admissible to show that the injuries currently at issue are not the result of the defendant's alleged negligence. This may be accomplished by a properly circumscribed cross-examination of the plaintiff himself. See *Gahring v. Barron*, 108 Ga. App. 530 (2) (133 SE2d 389) (1963).

"Every party has a right to a thorough and sifting cross-examination, the scope of which rests largely within the discretion of the trial judge. [Cit.]" *Goldgar v. Galbraith*, 155 Ga. App. 429 (3), 431 (270 SE2d 833) (1980) (party cross-examined regarding prior lawsuits). "Questions of relevancy of evidence . . . are for the court, and in the absence of an abuse of judicial discretion, this court will not interfere. [Cit.]" *MacNerland v. Johnson*, 137 Ga. App. 541 (1) (224 SE2d 431) (1976). "If the evidence offered by a party is of doubtful relevancy, it should nevertheless be admitted and its weight left to the jury. [Cits.] Even where irrelevant evidence is admitted over timely objection, it affords no cause for a new trial, unless the nature of the evidence is such as reasonably to prejudice the rights of the objecting party. [Cit.]" *Continental Trust Co. v. Bank of Harrison*, 36 Ga. App. 149 (5) (136 SE 319) (1926).

In view of the contested factual issues in the instant case and because commencement of a single lawsuit 22 years prior to trial is hardly indicative of litigiousness, we cannot find that the testimony elicited from appellant on cross-examination was utterly irrelevant or that she was prejudiced thereby. Accordingly, the trial court did not err.

2. Appellant enumerates as error the trial court's failure to give a charge on impeachment. Appellant did not submit a written request to charge on this issue and did not except to the trial court's failure to give such a charge without request. Accordingly, there is no reversible error. OCGA § 5-5-24. "A party cannot ignore during a trial that

which he thinks to be error . . . take his chances on a favorable verdict and then complain later. [Cits.]" *Simmons v. Edge*, 155 Ga. App. 6, 8 (270 SE2d 457) (1980).

3. A timely exception was made to the trial court's failure to instruct the jury that, if appellee's negligence were the cause of appellant's injuries, she would be entitled to recover her medical expenses. The trial court refused to instruct the jury to this effect, on the ground that appellant, as a married lady, would not be entitled to recover her own medical expenses. This refusal to charge on appellant's right to recover her own medical expenses is enumerated as error.

Former Code Ann. § 53-510, under the authority of which a married woman was precluded from recovering her own medical expenses, was repealed in 1979. Ga. L. 1979, pp. 466, 491. That former statute was not in effect at the times relevant to the instant appeal. Accordingly, the trial court erred in refusing to instruct the jury that appellant would be authorized to recover her own medical expenses as an element of damages.

Appellee asserts, however, that any error in the charge on an issue of damages has been rendered harmless in the instant case because the jury returned a defendant's verdict. This is the general rule. "The question of liability was in dispute, and the jury having found in favor of the defendants any error as to the introduction of the amount of damages, if error, was harmless. [Cits.]" *Steed v. Steel Products Mfg. Co.*, 152 Ga. App. 350 (3), 352 (262 SE2d 616) (1979). See also *Nolen v. Murray Indus.*, 165 Ga. App. 785 (2) (302 SE2d 689) (1983). Appellant, on the other hand, contends that the instant case comes within the exception to the general rule recognized by *Carroll v. Yearty*, 102 Ga. App. 677 (5), 679 (117 SE2d 248) (1960): "Where the jury finds for the defendant, any error in the court's charge respecting the measure of damages is harmless *unless* it appears that there would or should have been a different result had the judge charged as contended. [Cits.]" (Emphasis supplied.)

In order to place the crucial issue of the harmful effect of the erroneous charge in perspective, it is necessary to review the whole chronology of the resolution of this case by the jury. During the original charge, the trial court — after charging fully and completely with regard to the issue of liability — correctly instructed the jury in the manner utilized in almost every negligence case, to wit: "Of course, ladies and gentlemen, under the rules of law the court has given you in charge, [if] you find that the plaintiff is not entitled to recover, *then you would not consider the question of damages at all.* Now I charge you ladies and gentlemen, if you find that the defendant is not liable, *you will go no further in your investigation, but return a verdict in favor of the defendant.* If on the other hand, you find that the

defendant is liable to the plaintiff under the rules of law I have given you in charge, it would be your duty to assess the damages." (Emphasis supplied.) The trial court then proceeded to give instructions with regard to the *measure* of damages.

After the jury retired, appellant's attorney timely raised the objection to the failure to charge on appellant's right to recover her medical expenses. The trial court refused to instruct the jury further. After deliberating for some period of time, the jury returned to the courtroom with the following question: "Jury foreman: Yes, Your Honor. There seems to be some question just about how much had been paid on this. In other words, what most of the jurors want to know is was the ambulance bill and the hospital bill, the five days that she was in the hospital, due from the allegedly [sic] fall that we are discussing, has it already been paid, that's what they seem to want to know?" The court answered the jury as follows: "Ladies and gentlemen of the jury, you wouldn't be concerned with any doctor bill or hospital bill, they are not the subject of this suit. She is a married lady so her husband would be entitled to a separate suit to recover those. They were introduced into evidence solely for the purpose of showing the extent of the injury, if they do show such. You should not be concerned with the recovery on those, they would not be included as an item of damage, so you may retire." After receiving this clearly erroneous answer to its question, the jury returned 19 minutes later with its verdict for appellee.

Based only upon the aforesaid circumstances, it would seemingly appear that the present case presents one of those very rare situations in which the exception recognized by *Carroll* should be invoked. It is true that a defendant's verdict usually represents a finding that the defendant was not negligent and, for that reason, not liable to any extent whatsoever. However, it is obvious that a jury could also find that the defendant was negligent and that the defendant's negligence proximately caused the injury, but return a defendant's verdict based upon the further finding that the plaintiff is entitled to recover "no damages" as a result of that negligence. Such a finding would perhaps have been authorized in this case, there being extensive evidence as to appellant's prior injuries and pre-existing disability which, according to appellee, would indicate that appellant did not suffer any injury from the incident in question. Since it must be assumed that the jury followed the correct portion of the trial court's original instructions quoted above, it apparently would not have reached any question relating to damages in the instant case *unless* it had first found that appellee was liable to some extent. In this case, it would appear that the jury had reached that point in its deliberations because otherwise, it would not have made a specific inquiry as to appellant's medical expenses. Thus, the trial court's erroneous instruction that under no

circumstances could the jury award damages for those expenses might have been a most significant factor influencing the verdict for appellee, since the jury was contemplating an award to appellant of at least those expenses. If so, this would clearly be a case where it cannot be said that there would not "have been a different result had the judge charged as contended." *Carroll v. Yearty,* supra.

However, the verdict which was returned in the instant case was not a mere general verdict for appellee. The verdict returned by the jury specifically found that appellee was "not guilty of negligence as charged." Thus, it appears that the jury determined that appellee was not liable for appellant's injuries, rather than that appellee was liable but appellant was entitled to recover "no damages." Accordingly, the wording of the verdict itself demonstrates that it was not the result of the trial court's erroneous instruction regarding damages. The trial court erred, but the error was harmless in the instant case.

4. Remaining enumerations of error relate to the issue of damages and are rendered moot by the verdict for appellee as to the issue of liability.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED APRIL 25, 1984 —
REHEARING DENIED MAY 16, 1984 — 

*Jack F. Witcher, Stephen E. Garner,* for appellant.
*David H. Tisinger,* for appellee.