## 69756. FUSSELL SHEET METAL, INC. v. ARTISTIC CONSTRUCTION & LANDSCAPING, INC.
(330 SE2d 813)

CARLEY, Judge.

Appellant and appellee entered into a contract whereby appellee was to construct an addition to a building. Appellee built the addition, but appellant refused to pay the agreed contract price, which had been adjusted during the course of the construction. Appellee brought suit to collect the indebtedness, and appellant counterclaimed, alleging that appellee had breached the contract and had performed negligently. At trial, the jury returned a verdict in favor of appellee for the entire amount sought in its complaint, and also found in favor of appellee on the counterclaim. Appellant appeals.

1. Appellant enumerates as error the trial court's refusal to allow an amendment to its pleadings. Because the amendment was tendered during the course of the trial, after the time for a pre-trial conference and the entry of a pre-trial order had passed, appellant's unfettered right to amend had ceased. OCGA § 9-11-15 (a); *Black v. Lowry*, 159 Ga. App. 57, 58 (1) (282 SE2d 700) (1981). When appellant sought to amend by leave of court, its motion was denied.

The proposed amendment, which was tendered after appellee had presented its case and again at the close of all the evidence, would have added several counts to appellant's counterclaim. The rejected counts included claims for breach of implied warranty, total failure of consideration, and negligence. Appellant contends that the purpose of the amendment was merely to conform the pleadings to evidence which had been introduced without objection. Appellant's position is that the issues presented in the amendment were tried by implied consent as contemplated by OCGA § 9-11-15 (b).

In support of its contention that the issues raised by the disallowed amendment were tried by implied consent of the parties, appellant cites testimony that the walls of the building vibrated, were improperly reinforced, and had cracked. There was also evidence that

the structure did not meet applicable building code requirements, and that the cost of necessary remedial measures would be $15,000 to $30,000 or $40,000. This evidence was received without objection, as was testimony that appellee should have known that the building was defective.

While the foregoing evidence would have been relevant to the counts alleged in the disallowed amendment, that same evidence was also relevant to existing issues in the case. Appellant's counterclaim contained allegations that appellee had breached the contract and had constructed the building in a negligent manner, using shoddy materials and unprofessional labor. Appellant had also already sought by way of counterclaim to recover the cost of completing the work which appellee had allegedly failed to perform in accordance with the contract.

" 'When the evidence that is claimed to show that an issue was tried by consent is relevant to an issue already in the case, as well as to the one that is the subject matter of the amendment, and there was no indication at trial that the party who introduced the evidence was seeking to raise a new issue, the pleadings will not be deemed amended under the first portion of [OCGA § 9-11-15 (b)]. The reasoning behind this view is sound since if evidence is introduced to support basic issues that already have been pleaded, the opposing party may not be conscious of its relevance to issues not raised by the pleadings unless that fact is specifically brought to his attention.' [Cits.] Whether an issue has been tried by the implied consent of the parties is a question of fact and a decision on this question is generally considered to be within the sound discretion of the trial court. [Cit.]" *Smith v. Smith*, 235 Ga. 109, 112-113 (218 SE2d 843) (1975). "Here [appellee] expressly objected to the addition of the [additional counts] by amendment. Furthermore, consent to try the issue[s] cannot be implied from [appellee's] failure to object to [the] evidence [upon which appellant relies], where such evidence was also relevant to other issues properly pleaded." *Borenstein v. Blumenfeld*, 250 Ga. 606, 607-608 (299 SE2d 727) (1983). The trial court did not abuse its discretion by finding that the issues were not tried by implied consent and in refusing to allow the amendment.

2. The remaining enumerations of error involve matters relating to damages and need not be considered. Any possible error in that regard was harmless, since the jury found in favor of appellee on appellant's counterclaim. See *Davis v. Williams*, 165 Ga. App. 45, 46 (2) (299 SE2d 102) (1983); *Hunter v. Batton*, 160 Ga. App. 849, 851 (5) (288 SE2d 244) (1982); *Carroll v. Yearty*, 102 Ga. App. 677, 679 (5) (117 SE2d 248) (1960); *Wages v. Sibran, Inc.*, 171 Ga. App. 14, 16 (3) (318 SE2d 679) (1984).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 23, 1985.

*Paul R. Koehler, Angela R. Arkin*, for appellant.
*Jack K. Bohler*, for appellee.