A98A0084. RICHARDSON v. DOWNER.
(502 SE2d 744)

ANDREWS, Chief Judge.

Anne Richardson appeals from the judgment entered after a jury awarded Arlene Downer $50,000 on her claim for damages for injuries received in a car accident. For the reasons which follow, we affirm.

This case arose when the car Richardson was driving crossed over the centerline and forced Downer off the road. Richardson admitted negligence and the only evidence at trial was the testimony of Downer and the deposition of her doctor, which was read into the record.

Downer testified that when Richardson crossed over the centerline into her lane, she was forced to move onto the shoulder of the road and into a ditch to avoid a head-on collision. After Downer's car crossed the ditch, it hit a dirt embankment, became airborne and

landed on the bank on the far side of the ditch. Downer testified she felt a sharp, searing pain go through her back when the car landed. Because of the injury to her back, she was unable to open the door and get out of the car and had to be lifted out and put into an ambulance. Downer stated she was in bed for several days after the accident with intense pain.

The orthopaedist who treated Downer testified in his deposition that X-rays showed a mild compression fracture of one of the thoracic vertebrae. The evidence showed that approximately four and a half months after the accident, Downer had improved considerably, but almost any physical activity was still painful.

Downer testified that she and her husband owned a restaurant where they both worked and, as of the date of trial, almost three years after the accident, there were still days when she was unable to work and her husband had to manage the restaurant by himself. Moreover, she stated that on days when she did work, she often had a backache at the end of the day. Downer also testified that she was unable to work in her garden or clean house without pain.

In describing the effect of the injury to her lifestyle and leisure activities, Downer said she had always enjoyed outdoor activities, having worked with Outward Bound for a few years. She enjoyed rock climbing, snow skiing, water skiing, back-packing and canoeing. Downer said she had been unable to participate in any of these activities since the accident and because her back problems were continuing and had not abated over the past three years, she did not know if she would ever be able to do strenuous activities such as skiing or rock climbing again. She also stated that she had been looking forward to introducing her son to these types of outdoor activities when he became a little older.

1. Given the evidence presented at trial, the amount of the verdict was not so excessive as to shock the conscience. "As a general rule, the size of the award for damages in a case such as this is left to the enlightened conscience of impartial jurors, subject to approval of the trial court. The appellate court will not disturb the award absent an award so excessive or inadequate as to shock the judicial conscience." *Light v. Mason*, 225 Ga. App. 260, 261 (483 SE2d 685) (1997). Moreover, "[a]fter a verdict, the evidence is construed in its light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict." *Consolidated Freightways v. Futrell*, 201 Ga. App. 233, 234 (410 SE2d 751) (1991).

*Seaboard System R. v. Taylor*, 176 Ga. App. 847 (338 SE2d 23) (1985), relied on by Richardson, is not to the contrary. In *Seaboard*, the jury returned a verdict of $250,000 for the plaintiff whose special damages totalled $14,000 in lost wages. As in the instant case, the plaintiff in *Seaboard* experienced back pain after the accident but

there was no discernible injury, the doctor testifying at trial that the plaintiff had "dysfunctional low back pattern" meaning "there is something wrong producing symptoms about the lower back," and "some inflammatory process about the heel." *Seaboard*, supra at 847. In that instance, we held the jury award of $236,000 above the amount of special damages was excessive.

Here, the testimony at trial was that Downer, an extremely active young woman whose injury was clearly the result of the automobile accident in question, had suffered disabling back pain for some three years as of the date of trial. There was a discernible injury, a compression fracture of one of the vertebrae. She admitted she did not continue seeing the doctor, but stated that was because she felt there was nothing more he could do for her, especially since she disliked taking prescription medication for her pain. Downer did not produce evidence of lost wages because she and her husband own and manage their own business; however, she did testify that she was still unable at times to help out at the restaurant. Further, Downer presented descriptive evidence of the pain and suffering to which she was subjected as a result of the accident and her inability to engage in her favorite activities as a result of the disabling pain. "The sole measure of damages for pain and suffering is the enlightened conscience of fair and impartial jurors." *Stubbs v. Harmon*, 226 Ga. App. 631, 633 (487 SE2d 91) (1997). Accordingly, in reviewing the evidence of pain, inability to work and the loss of her active lifestyle, we cannot say that the verdict was so excessive as to be against the preponderance of the evidence.

2. Next, Richardson contends the trial court erred in failing to give her requested charge on the statutory prohibition against speculation in awarding present and future damages. The charge Richardson requested was as follows: "I charge that you would not be authorized to award damages to the plaintiff upon the basis of mere speculation, or possibility." The court denied this request to charge and instead gave the pattern charge as follows: "If you find that plaintiff's pain and suffering will continue into the future, you should award damages for such future pain and suffering as you believe plaintiff will endure."

During the charge conference, the trial court asked Richardson's counsel where the authority for the requested charge came from and counsel responded that it was from OCGA § 51-12-8. This Code section reads as follows: "If the damage incurred by the plaintiff is only the imaginary or possible result of a tortious act or if other and contingent circumstances preponderate in causing the injury, such damage is too remote to be the basis of recovery against the wrongdoer." OCGA § 51-12-8.

This Code section does not apply to the evidence in this case. The

only evidence at trial was that Downer's injuries were received in the accident in which Richardson admitted she was negligent. There was no evidence of any other cause of Downer's injury. Accordingly, this enumeration of error is totally without merit and the trial court did not err in refusing to give the requested charge.

3. Richardson also claims one of the jurors failed to answer truthfully a material question during voir dire. In support of this enumeration, she has attached to her brief the affidavits of one of the jurors and of trial counsel.

A brief or an attachment thereto cannot be used as a means of adding evidence to the record and may not support a ruling by this Court. *CNL Ins. America v. Moreland*, 226 Ga. App. 57, 58 (485 SE2d 515) (1997). Because these affidavits are not part of the record below, we are unable to consider them. *Champion Management Assoc. v. McGahee*, 227 Ga. App. 895, 896 (490 SE2d 215) (1997).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MAY 21, 1998 —
RECONSIDERATION DENIED JUNE 3, 1998.

*Bonnie K. Cole, Michael H. Cummings II*, for appellant.
*James E. Peugh*, for appellee.