## A99A0978. BISCHOFF v. PAYNE.
(522 SE2d 257)

PHIPPS, Judge.

Karen Bischoff filed this personal injury action against Vanessa Payne. Bischoff seeks damages for physical injuries allegedly received as a result of a November 1996 rear-end collision caused by Payne's negligence. Bischoff appeals judgment on a jury verdict in Payne's favor.

Bischoff's treating physician (Dr. Loftman) and a diagnostic radiologist employed by the defense (Dr. Jeffries) gave depositions which were read to the jury before the testimony of other witnesses was heard. In his deposition, Dr. Loftman testified that after the 1996 collision he diagnosed Bischoff as suffering from a symptomatic herniated cervical disc. Based on his understanding of Bischoff's medical history, Dr. Loftman opined that the herniated disc was causing Bischoff physical pain which began with a January 1995 automobile accident in which she also was involved. On the basis of his review of an MRI of Bischoff's neck performed shortly after the 1996 collision, Dr. Jeffries testified that Bischoff's disc herniation was not caused by any injury received in that collision.

At the beginning of the trial, Bischoff moved in limine to prohibit Payne from introducing documentary evidence of prior lawsuits filed by Bischoff or her prior medical history. Bischoff argued that such evidence was irrelevant to the issues in this suit. The court deferred ruling on the admissibility of the documentary evidence until after Bischoff testified. The court, however, noted that the bare fact of prior litigation involving Bischoff was irrelevant and indicated that questions concerning the admissibility of this documentary evidence

should be resolved outside the jury's presence before the evidence was presented to the jury.

At trial, Bischoff testified on direct examination that in the 1996 collision she received a whiplash injury resulting in neck pain radiating into her shoulder and back, as well as numbness in her arm. She acknowledged that prior to this collision she had experienced neck pain resulting from another whiplash injury. But she maintained that the prior injury simply resulted in a tensing of her neck muscles and that, when this collision occurred, she was on the road to recovery.

On cross-examination, Payne elicited testimony from Bischoff that in 1984 a vehicle she was driving was struck, also in the rear, by another vehicle. After the 1984 accident Bischoff complained of neck pain and numbness in her arm and was hospitalized for six days. In 1986, Bischoff suffered a slip-and-fall in which she hit her head. In 1990, she sustained a work-related injury to her left shoulder. As a result of a January 17, 1995 automobile accident, Bischoff was given a cervical collar for a neck injury and sustained permanent, debilitating injuries to her lower back.

1. Bischoff first contends that the court erred in allowing Payne to impeach her with a recent deposition; in permitting Payne to inform the jury that the deposition was given in a lawsuit arising from the January 17, 1995 accident; and in admitting evidence concerning property damage sustained in that accident.

During cross-examination, Payne asked Bischoff whether the 1995 accident was more severe than the one in 1996. After Bischoff raised a vagueness objection, the court directed Payne to be more specific. Payne then asked whether there was more property damage done to Bischoff's car in the 1995 accident. When Bischoff responded "I don't recall that. I really don't know," Payne asked whether she remembered giving a deposition in the lawsuit arising from the 1995 accident.

Bischoff objected and moved for a mistrial. Outside the presence of the jury, Bischoff complained that Payne had informed the jury of the prior lawsuit without complying with the procedure delineated by the court. Bischoff argued that Payne could not impeach her with the deposition but could use it only to refresh her memory, and that this could be done without referring to the lawsuit in which the deposition was given. The court admonished Payne for informing the jury of the prior lawsuit without first obtaining a ruling as to its admissibility outside the jury's presence; but, after learning of the contents of the deposition, the court overruled Bischoff's objection and denied her motion for mistrial, ruling that testimony given by Bischoff in the deposition could be used to impeach her trial testimony. In the presence of the jury, Payne was allowed to show that in deposition given by Bischoff in the lawsuit arising from the prior accident, she testi-

fied that it had caused more damage to her vehicle than the 1996 accident. Bischoff then acknowledged that the impact of the 1995 collision had caused her to be thrown forward and strike the steering wheel, whereas in the 1996 accident she did not strike any interior part of the car.

Bischoff is correct in her argument that the proper use of her deposition was to refresh her memory and not to impeach her. See *Johnson v. State*, 255 Ga. 552, 556 (4) (a) (341 SE2d 220) (1986) (where a witness merely states that she does not remember, she cannot be impeached by the showing of former statements with respect to the facts which she claims not to remember). And documents used to refresh a witness's present recollection generally cannot be admitted in evidence. *Platt v. Nat. Gen. Ins. Co.*, 205 Ga. App. 705, 708 (1) (b) (423 SE2d 387) (1992).

But evidence of injuries sustained by Bischoff in the 1995 accident was relevant and admissible in this suit. In arguing otherwise, Bischoff relies on a line of decisions exemplified by *Wages v. Sibran, Inc.*, 171 Ga. App. 14, 15 (1) (318 SE2d 679) (1984). The general rule applied in these cases is that evidence of similar acts or omissions of a party is irrelevant and inadmissible in a negligence action. *Wages*, however, recognizes an exception to this rule under which evidence concerning a plaintiff's "other" injuries may be admissible to show that the injuries currently at issue are not the result of negligence by the defendant. This exception is applicable here.

Payne questioned Bischoff concerning property damage in order to show the relative severity of the two collisions. Bischoff did not object to the question. The testimony elicited from Bischoff authorized the jury to find that the physical impact on Bischoff was greater in the earlier collision, thereby increasing the probability that she sustained more serious injuries then. In the context of the entire case, any error by the court in allowing Payne to impeach Bischoff with the deposition rather than use it to refresh her memory, and to show that the deposition was given in a lawsuit arising from an earlier collision, was harmless.

2. Bischoff next contends that the court erred in permitting Payne to impeach her with allegations in a complaint filed by Bischoff as a result of a January 21, 1995 automobile accident. Bischoff also complains of the court's admission of evidence that the prior litigation was settled.

Under cross-examination, Bischoff was asked if she had sustained severe disabling injuries in a January 21, 1995 accident. She responded in the negative. Outside the presence of the jury, Payne then showed that a complaint filed by Bischoff as a result of the 1995 accident in fact alleged that Bischoff had sustained severe, disabling physical injuries, as well as mental suffering. The court ruled that

Payne could impeach Bischoff with the allegations in the earlier suit if she denied having filed a complaint alleging such damages. Upon being questioned in the presence of the jury, Bischoff testified that the complaint sought damages for mental suffering only. Payne then introduced the prior complaint in evidence and informed the jury of its allegations. Bischoff asserted that the complaint was dismissed because her injuries were "mainly mental." Following an unreported bench conference, Payne elicited testimony from Bischoff showing that the case was settled for $5,000.

Bischoff argues that she was not subject to impeachment based on the allegations of the complaint, because such allegations were drawn by her attorney and are not evidence. It has been held that allegations in pleadings in other cases which are contradictory to a party's trial testimony may be introduced in evidence for purposes of impeachment. *Krasner v. Lester*, 130 Ga. App. 234, 235 (1) (202 SE2d 693) (1973). Therefore, there is no merit in the above argument.

Nor is there any merit in Bischoff's argument that her settlement of the prior lawsuit was inadmissible. As authority, Bischoff relies on *Allison v. Patel*, 211 Ga. App. 376, 382 (1) (438 SE2d 920) (1993). *Allison* holds that the fact that plaintiff settled with co-defendant tortfeasors is not relevant as to either defendant's negligence or the amount of plaintiff's damages. In this case there were no co-defendant tortfeasors. Payne was merely allowed to show that Bischoff had settled a lawsuit arising from an earlier accident in order to impeach Bischoff's testimony that the complaint had been dismissed. "A witness may be impeached by disproving the facts testified to by [her]." OCGA § 24-9-82.

3. Bischoff complains of improper comments by Payne in closing argument.

During closing argument, Payne's attorney alluded to a July 1991 slip-and-fall by Bischoff at a restaurant. Bischoff objected on the ground that there was no evidence of such a fall. The court then instructed the jury that the statement by counsel was not evidence and should not be considered. Without any additional objection by Bischoff, Payne's attorney was allowed to proceed. We find no error by the trial court.

4. The remaining issues raised by Bischoff in this appeal relate to instances where evidence was admitted without objection. Consequently, these issues have not been preserved for appellate review.

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 7, 1999.

*Clifford H. Hardwick*, for appellant.
*Fain, Major & Wiley, John K. Miles, Jr.*, for appellee.