## A06A0428. LINDSEY v. TURNER.
(631 SE2d 789)

RUFFIN, Chief Judge.

Robert Lindsey sued Lucius Turner for injuries sustained when Turner's car collided with Lindsey's vehicle in August 1996. After Turner admitted negligence in causing the collision, the case proceeded to trial on the issue of whether Turner proximately caused any damage to Lindsey. The jury returned a defense verdict, and Lindsey appeals. For reasons that follow, we affirm.

1. Lindsey argues that he is entitled to a new trial because the verdict reveals a gross mistake or undue bias. Specifically, he claims that the jury's defense verdict reflects manifest injustice, given Turner's admission of negligence and evidence demonstrating that he incurred over $44,000 in medical expenses.

Lindsey testified that he suffered injuries to his back, neck, and elbow during the collision. Ultimately, he had surgery on his neck, and he testified that he has continuing pain in his lower back, requiring constant medication. A summary of his medical expenses showed that, to date, he had spent $44,018.95 for various types of treatment.

With respect to his health prior to the collision, Lindsey asserted that it had "always been good." He admitted, however, that he was in an automobile wreck in the mid-1970s, during which he sustained "a little twist" to his neck, requiring chiropractic treatment from 1980 to 1994. And although he testified that before the collision he had no

lower back pain, other than "[m]inor, everyday things," defense counsel cross-examined him with chiropractic records allegedly referencing back complaints long before the August 1996 collision. Lindsey testified that he did not recall various incidents, such as "pull[ing] [his] back" on August 7, 1990, hurting his "T-spine" in a fall from a ladder in 1984, experiencing lower back pain after moving a ladder in 1992, or "jamming [his] elbow" in 1983. But he did not question the accuracy of the chiropractic records as to these incidents.[1] And he did not deny telling his chiropractor that he fell from a ladder in May 1997, after the car collision at issue.

Lindsey also testified on cross-examination that he was in a "fender bender" collision in 1986. In addition, he admitted that he "threw [his] back . . . all the way out" when loading firewood in early 1999. Finally, he testified that, several years after the collision, he injured his back while climbing out of a roller coaster car.

Lindsey argues on appeal that the jury's verdict must be overturned because he introduced evidence that he incurred significant medical expenses following the collision. Generally, " 'a jury's award cannot be successfully attacked so as to warrant a new trial unless it is so flagrantly excessive or inadequate, in light of the evidence, as to create a clear implication of bias, prejudice, or gross mistake on the part of the jurors.' "[2] Regardless of whether the evidence might support a greater or lesser award, we will not disturb the jury's verdict "unless it is so flagrant as to 'shock the conscience.' "[3] In short, we will not overturn a verdict approved by the trial court absent compelling evidence.[4] And on appeal, we must construe the evidence in a light favorable to the jury's verdict.[5]

Lindsey admittedly sustained a neck injury in the 1970s, after which he underwent years of chiropractic treatment. He also testified that he suffered from at least *some* back pain — albeit minor — before the 1996 collision. In addition, he injured his back on several occasions after the collision, and he fell from a ladder in 1997. Finally, photographs of Lindsey's vehicle taken after the collision show only minimal damage to the front grill. Construing this evidence in favor

---

[1] The records themselves were not admitted into evidence.

[2] *McCormick v. Harris*, 253 Ga. App. 417, 418-419 (3) (559 SE2d 158) (2002). See also OCGA § 51-12-12 (a) ("The question of damages is ordinarily one for the jury; and the court should not interfere with the jury's verdict unless the damages awarded by the jury are clearly so inadequate or so excessive as to be inconsistent with the preponderance of the evidence in the case.").

[3] (Punctuation omitted.) *McCormick*, supra at 419.

[4] See id.

[5] See *Richardson v. Downer*, 232 Ga. App. 721, 722 (1) (502 SE2d 744) (1998).

of Turner, a jury could conclude that something other than the collision caused Lindsey's injuries. Accordingly, this enumeration of error lacks merit.[6]

2. Lindsey also argues that Turner should not have been permitted to question him about "wholly unrelated" injuries allegedly incurred prior to and after the collision. But "evidence concerning a plaintiff's 'other' injuries may be admissible to show that the injuries currently at issue are not the result of the defendant's alleged negligence."[7] And the trial of this case focused solely on the cause of Lindsey's damages.

Objecting to the evidence at trial, Lindsey argued that Turner had not shown that his minor complaints to his chiropractor, as well as his car collision in 1986, had any relevance to the significant injuries at issue here. The trial court overruled the objection, finding that Lindsey's argument went to the weight of the evidence, rather than to its admissibility. We find no error.

A trial court's rulings with respect to evidence relevancy will not be reversed absent abuse of discretion.[8] Moreover, " '[i]f the evidence offered by a party is of doubtful relevancy, it should nevertheless be admitted and its weight left to the jury.' "[9] Given the contested factual issues, as well as Lindsey's claim of ongoing pain relating to the collision, the trial court did not err in permitting Turner to thoroughly cross-examine him about other incidents that might have caused injury to his neck, back, or elbow.[10]

We recognize that certain incidents — such as the 1984 car wreck — were arguably irrelevant to the issue of damages because Turner failed to show that they caused any injury. But we fail to see how the admission of such evidence prejudiced Lindsey.[11] Although Lindsey claims that the evidence unfairly portrayed him as a careless person, we cannot agree that its admission requires reversal. As noted above, the issue at trial was not who caused the collision. It was whether the collision — which Turner admittedly caused — resulted in injury to Lindsey. Under these circumstances, we find it highly unlikely that

---

[6] See *McCormick*, supra at 419-420; *Farley v. Thompson*, 154 Ga. App. 505, 506 (268 SE2d 778) (1980).

[7] *Wages v. Sibran, Inc.*, 171 Ga. App. 14, 15 (1) (318 SE2d 679) (1984).

[8] See id.

[9] Id.

[10] See *Bischoff v. Payne*, 239 Ga. App. 824, 826 (1) (522 SE2d 257) (1999); *Wages*, supra.

[11] See *Wages*, supra ("Even where irrelevant evidence is admitted over timely objection, it affords no cause for a new trial, unless the nature of the evidence is such as reasonably to prejudice the rights of the objecting party.") (punctuation omitted).

this evidence affected the verdict, even if it led the jury to believe that Lindsey was careless.[12]

3. In two enumerations of error, Lindsey argues that the trial court improperly permitted Turner to use his chiropractic records to impeach him. Specifically, he claims that since he did not recall many of the incidents referred to in the records, the proper use of those records was to refresh his recollection, not to impeach his credibility.[13] He also claims that Turner failed to lay a proper foundation for impeachment.[14]

Lindsey, however, did not raise either of these arguments below. The trial transcript shows that he objected to this evidence on the ground that the chiropractic records did not establish any ongoing back problem prior to the 1996 collision. In essence, he either claimed that the records were irrelevant or that the prejudice they created outweighed their probative value. He also objected when opposing counsel asked a question by reading from one of the documents, asserting that counsel "can't read the document." And he objected on several occasions that Turner could not "describe selected parts of the [medical] record" while questioning Lindsey or ask him about the contents of any particular record.

None of these objections, however, relates to the foundational requirements for impeaching a witness. And Lindsey never argued below that the medical records should have been used simply to refresh his recollection. He has thus waived these enumerations of error for purposes of appeal.[15]

---

[12] See *Totino v. State*, 266 Ga. App. 265, 268 (3) (596 SE2d 749) (2004). Compare *Gahring v. Barron*, 108 Ga. App. 530, 534 (2) (133 SE2d 389) (1963) (in case where cause of collision was in issue, trial court erred in allowing defendant to cross-examine plaintiff about other collisions involving plaintiff; although defendant claimed evidence was relevant to issue of damages, the detailed questions regarding the facts and circumstances of the other collisions showed that the *effect of the questioning* "was to convince the jury of the plaintiff's ineptness in handling his motorcycle rather than to produce evidence that he was in fact injured in other collisions").

[13] See *Bischoff*, supra at 826 ("[W]here a witness merely states that she does not remember, she cannot be impeached by the showing of former statements with respect to the facts which she claims not to remember.").

[14] See OCGA § 24-9-83 ("A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. Before contradictory statements may be proved against him, unless they are written statements made under oath . . . , the time, place, person, and circumstances attending the former statements shall be called to his mind with as much certainty as possible. If the contradictory statements are in writing and in existence, they shall be shown to him or read in his hearing."); *Barone v. Law*, 242 Ga. App. 102, 105-106 (3) (527 SE2d 898) (2000) (discussing additional foundational requirements that must be met before a statement in a medical record may be used as a prior inconsistent statement against a witness when the medical provider who recorded the statement is not present at trial).

[15] See *Lyons v. State*, 266 Ga. App. 89 (1) (596 SE2d 226) (2004) (" 'A trial objection on a specific ground waives appellate review of other grounds.' "); *Wilbanks v. State*, 251 Ga. App.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED MAY 26, 2006.

*Scott & Wells, Donald T. Wells, Jr.*, for appellant.
*Blasingame, Burch, Garrard & Ashley, David S. Thomson*, for appellee.

---

248, 265 (15) (554 SE2d 248) (2001) (failure to raise specific argument in trial court results in waiver of enumerated error on appeal).