A08A2375. KILDAY v. KENNESTONE PHYSICIANS CENTER, L.P. et al.
(676 SE2d 271)

DOYLE, Judge.

Deborah Kilday filed this premises liability action against Kennestone Physicians Center, L.P., and Meadows & Ohly, LLC (collectively "the Center"), seeking damages for physical injuries she allegedly sustained in a 2005 incident in which she was hit in the head by an opening door as she was walking down the hall at the Kennestone Physicians Center. Kilday appeals the judgment entered on the jury's verdict in favor of the Center and the denial of her motion for new trial. For the reasons that follow, we affirm.

Evidence presented at trial showed that Kilday was hit on the

right side of her head and face by the back door of a physician's office as the door was opened into a hallway of the Kennestone Physician's Center. Kilday was walking through the hallway to another location from the Kennestone Hospital Neonatal Intensive Care Unit ("NICU"), where she worked as a nurse. Although Kilday had walked through the hallway on previous occasions, she had never seen this door opened or used and was not aware of what was on the other side of the door, which contained no signage indicating an office was on the other side.

Prior to trial, Kilday moved in limine to prohibit the defendants from introducing evidence of a lawsuit she filed in 1997 after her neck and back were injured in a car wreck. Kilday argued that evidence of those injuries and the lawsuit were irrelevant to the issues in this suit. Based on the briefs of the parties, the trial court denied the motion.

On direct examination at trial, Kilday testified that after being hit by the door, she suffered very severe headaches, sudden, shooting pain in her face and head, and nerve damage that resulted in severe sensitivity to sound called hyperacousis. One of the medications she was given affected her memory, and Kilday testified that it prevented her from adequately caring for infants in the NICU. Additionally, the hyperacousis was affected by the alarms and other noises in the NICU, so she returned to work in a quieter office setting. Kilday also testified about the 1997 car accident, but explained she did not hit her head in the accident (in fact, she had never sustained a head injury prior to being hit by the door) and had no hearing problems prior to the 2005 incident.

On cross-examination, the Defendants elicited testimony from Kilday that in 1996 she worked in a NICU in Kentucky, and counsel asked her if she had ever claimed that she was permanently impaired from working as a nurse caring for babies prior to the 2005 incident. When Kilday could not remember, defense counsel refreshed her recollection using a copy of the 1997 lawsuit in which she had alleged that the car accident permanently impaired her ability to work, presumably at the Kentucky NICU. Kilday explained that her neck and back injuries did not affect her work in Kennestone's NICU because there she only worked with infants, but it had affected her in the Kentucky NICU, where she also treated the infants' mothers.

1. Kilday argues that the trial court erred by denying her motion in limine to exclude evidence of injuries she sustained in the 1997 car accident and evidence of the lawsuit she filed with regard to that accident.

"A trial court's rulings with respect to evidence relevancy will not be reversed absent abuse of discretion. Moreover, if the evidence offered by a party is of doubtful relevancy, it should nevertheless be

admitted and its weight left to the jury."[1] Although evidence of prior personal injury actions generally is not relevant, "evidence concerning a plaintiff's other injuries may be admissible to show that the injuries currently at issue are not the result of the defendant's alleged negligence."[2] "[W]here irrelevant evidence is admitted over timely objection, it affords no cause for a new trial, unless the nature of the evidence is such as reasonably to prejudice the rights of the objecting party."[3]

(a) In order to avail oneself of the "limited evidentiary exception to the general rule of inadmissibility of prior events, it is necessary to show more than the mere previous occurrence of a similar incident. It is necessary that the conditions of the things to be compared be substantially similar."[4] When a party asserts that the prior event is relevant to compare injuries, it is "necessary to show the existence of a substantial similarity between [the plaintiff's] purported present injuries and any prior injuries with which the comparison is to be made."[5]

The defendants contended that Kilday's current injuries are related to the injuries she suffered in the 1997 car accident because she claimed a permanent impairment to her ability to work in both lawsuits.[6] We agree. While Kilday urges that her previous claim of permanent impairment to her ability to work resulting from a back injury is not substantially similar to her current claim of permanent impairment from a head injury, her argument goes to the weight of the evidence, not its admissibility.[7] Because a trial court's ruling with regard to evidence relevancy will not be reversed absent abuse of discretion,[8] and because we cannot say that it was an abuse of that discretion to allow the evidence of a prior claim of permanent impairment, we affirm.

---

[1] (Punctuation and footnote omitted.) *Lindsey v. Turner*, 279 Ga. App. 595, 597 (2) (631 SE2d 789) (2006).

[2] (Punctuation omitted.) Id.; see OCGA § 24-2-2.

[3] (Punctuation omitted.) *Wages v. Sibran, Inc.*, 171 Ga. App. 14, 15 (1) (318 SE2d 679) (1984).

[4] *Meacham v. Barber*, 183 Ga. App. 533, 534 (1) (359 SE2d 424) (1987).

[5] Id.

[6] *Bischoff v. Payne*, 239 Ga. App. 824, 825-826 (1) (522 SE2d 257) (1999) (evidence of prior car accidents admissible to show causation of injuries); *Cook v. Partain*, 224 Ga. App. 251, 252-253 (1) (b) (480 SE2d 279) (1997) (evidence of prior lawsuits admissible to show that alleged psychological injury was not the result of the defendant's acts); *Barnes v. Cornett*, 134 Ga. App. 120, 122 (6) (213 SE2d 703) (1975) (evidence of an earlier claim for personal injuries in a previous collision properly allowed so "it might be determined whether all or part of her injuries flowed from the first collision or the last one"). Compare with *Meacham*, 183 Ga. App. at 534-535 (1) (evidence of prior traffic mishaps inadmissible because there was no showing that Meacham had suffered any injuries whatsoever in the three prior traffic mishaps).

[7] *Lindsey*, 279 Ga. App. at 597 (2).

[8] Id.

(b) Having determined that the trial court properly denied the motion in limine to exclude evidence of the 1997 car accident and ensuing litigation, we discern no harmful error in the defendants' use of the complaint from the 1997 lawsuit to refresh her recollection because the claims contained in the lawsuit were relevant to her current claims.[9] We also discern no merit in her argument that the defendants improperly impeached her on cross-examination because, while she testified at trial that she had filed a lawsuit regarding the 1997 car accident, in her interrogatory responses, she denied being involved in any prior litigation.[10]

2. Kilday argues that the trial court erred by overruling her objection to a portion of the defendants' opening statement, which she alleges contained improper argument. Specifically, Kilday took issue with defense counsel's statement that "[u]nfortunately, in our society we have come to a point where whenever something happens," at which point Kilday objected. After the trial court overruled the objection, defense counsel slightly reworded the statement and continued,

[u]nfortunately, we've come to that point in society where whenever an accident happens and somebody gets hurt, we immediately say, well, gees it must be somebody's fault. But that's not the case. And the facts of this case, we're going to show that this was not the fault of the defendant.

In an opening statement, counsel "may state to the jury what [he] expects to prove on the trial, and should be confined to a summary or recital of such matters of proof only as are admissible under the rules of evidence[, but] the law forbids . . ." argument of facts not in the record, calculated to prejudice a party.[11] We review for abuse of discretion.[12] Counsel's statement was a preface to his conclusion that he expected the evidence was going to show that the defendants were not at fault, even though Kilday sustained an injury from an unfortunate event. We do not find that counsel's statement was so egregious as to be outside the permitted bounds of the trial court's discretion.[13]

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

---

[9] *Bischoff,* 239 Ga. App. at 825-827 (1), (2).

[10] Id. at 826-827 (2).

[11] (Citations and punctuation omitted.) *Waits v. Hardy,* 214 Ga. 41, 43 (102 SE2d 590) (1958).

[12] See id. at 44.

[13] Compare with *Sangster v. Dujinski,* 264 Ga. App. 213, 214, 217 (590 SE2d 202) (2003) (in personal injury action attorney improperly claimed that defendant's wife had "battered wife syndrome" and discussed defendant's prior criminal matters).

DECIDED MARCH 20, 2009 —

*Lloyd N. Bell*, for appellant.
*Hawkins & Parnell, Peter A. Jacxsens, William H. Major III*, for appellees.