**THIRD DIVISION**
**DOYLE, C. J.,**
**ELLINGTON, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 9, 2015**

# In the Court of Appeals of Georgia

A15A0689. PETRENKO v. MOSERI et al.                    DO-086

DOYLE, Chief Judge.

Kelly Petrenko appeals the trial court's denial of her motion for new trial. She contends that the trial court erred by (1) allowing the defendant to open and conclude closing arguments after the defendant had introduced evidence; (2) allowing the defendant to withdraw its evidence after it had been admitted; (3) not charging the defendant with evidence that was used in its cross-examination of the plaintiff, but not formally tendered; and (4) readmitting Defendant's Exhibit 1 as Plaintiff's Exhibit 9, over the plaintiff's objection. For reasons that follow, we affirm.

Petrenko sued Stephen Moseri for injuries she sustained in an automobile collision she alleged was caused by Moseri. Moseri's insurer paid Petrenko $30,000. Petrenko also had a $100,000 uninsured motorist policy issued by State Farm Mutual

Automobile Insurance Company ("State Farm"), and State Farm elected to proceed in Moseri's name in this case.

The exhibit initially marked as Defendant's Exhibit 1 was identified during the videotaped deposition testimony of Petrenko's treating physician, which was played for the jury at trial during Petrenko's case-in-chief. Before the deposition was played, the trial court conferred with counsel for both parties about the deposition exhibits. The court stated, "Plaintiff's [Exhibits] 1 and 2 are admitted without objection, and Defendant's [Exhibit] 1 is admitted without objection, correct?" Petrenko's counsel responded, "That is correct," but State Farm's counsel did not respond. After further discussion, the court again stated that the same exhibits were admitted without objection and that the evidence was for the jury's consideration.

During the deposition, State Farm's counsel asked Petrenko's doctor about Defendant's Exhibit 1:

> COUNSEL: After you provided opposing counsel with a medical narrative, you received a call from opposing counsel's office on November 1st, 2012, is that right[?]
>
> DOCTOR: I believe so, yes.

2

COUNSEL: And they basically called to tell you that they had some areas of concern with the narrative you presented, correct?

DOCTOR: I believe, yeah. It's been a long time ago.

COUNSEL: Well, that's what it says in your note, in your office note, right?

DOCTOR: Can I see that?

COUNSEL: Yes.

DOCTOR: Okay, that was my assistant who took the call, not me. . . .

COUNSEL: Doctor, I'm showing you what's been marked as Defendant's Exhibit No. 1. Is that exhibit a true and accurate copy of a record of a phone conversation which was kept in the ordinary regular course of your business here at Resurgens Orthopaedics?

DOCTOR: Yes.

COUNSEL: All right. And it's your understanding that after you prepared the narrative, that opposing counsel called your office and indicated that they had some concerns or questions about the narrative, correct?

DOCTOR: That's what my assistant documented.

During this testimony, Petrenko's counsel objected on the grounds of hearsay, best evidence, and mischaracterization of evidence. The substance of the exhibit states, "Attorney's office called and stated that there were some areas of the narrative that were in question and to please call back to discuss the questions."

After the deposition was played, there was further discussion about the exhibits, and counsel for State Farm stated that he had not tendered Defendant's Exhibit 1. State Farm's counsel conceded that, prior to trial, he had received an email from Petrenko's counsel asking if he intended to tender Defendant's Exhibit 1 to the doctor's deposition. If not, Petrenko's counsel proposed that they delete the portions of the doctor's deposition that discussed it. State Farm's counsel responded that he did intend to tender that exhibit and that they could deal with any objection Petrenko's counsel might have at trial. During trial, however, State Farm's counsel stated that his trial strategy had changed and that he did not intend to introduce the document.[1] At that point, the trial court ruled that it would exclude Defendant's Exhibit 1, prohibit State Farm from mentioning anything about the exhibit, and allow State Farm's counsel to open and conclude closing arguments provided he did not

[1] State Farm's trial strategy changed because Moseri ultimately admitted fault for the accident, thereby eliminating the need to present his testimony and allowing State Farm to open and conclude closing arguments if it did not present any evidence.

4

tender any other evidence. Petrenko's counsel stated that he disagreed with the court's ruling.

During State Farm's closing argument, which was not transcribed, Petrenko's counsel objected that State Farm had violated the court's order by mentioning the conversation that was memorialized in Defendant's Exhibit 1. As a solution, counsel for Petrenko proposed that the court tender the document as a defense exhibit and allow Petrenko to conclude closing arguments. The judge ruled that

> [s]ince the testimony of the doctor in his deposition mentioned the very subject for which we are discussing this area, and since the document, Defendant's Exhibit 1, was part of that discussion, or that testimony, and since [the p]laintiff took the deposition of the doctor for preservation of testimony and to be played to the jury in lieu of his appearance, I'm going to allow the document in. But I'm allowing it in, in part and chief of the [p]laintiff's case. And, therefore, the [d]efendant will have, still, the opportunity to open and close, and [the p]laintiff can utilize the document to the best of his benefit, or – and the [d]efendant can use it to the best of his benefit.

Petrenko's counsel did not object to the court's ruling at that point.

Following closing arguments, the jury awarded Petrenko $12,774. Because the parties had stipulated prior to trial that any verdict would be reduced by the $30,000 payment made by Moseri's liability insurer , judgment was entered for Petrenko in

5

the amount of $0. Pursuant to OCGA § 5-5-22, Petrenko filed a motion for new trial or in the alternative motion to set aside, contending that the trial court improperly removed Defendant's Exhibit 1 from evidence and improperly readmitted the document as Plaintiff's Exhibit 9, thereby denying her the opportunity to open and conclude closing arguments. The trial court denied Petrenko's motion.

1. Petrenko contends that the trial court erred by permitting State Farm to withdraw Defendant's Exhibit 1 after it had been admitted, thereby allowing State Farm to open and conclude closing argument.

"In civil actions, where the burden of proof rests with the plaintiff, the plaintiff is entitled to the opening and concluding arguments except that if the defendant introduces no evidence or admits a prima-facie case, the defendant shall be entitled to open and conclude."[2] The record does not show that State Farm ever formally tendered Defendant's Exhibit 1 at trial. Initially, it appears that the trial court assumed, with Petrenko's concurrence, that all documents identified in the doctor's deposition would be admitted and so ruled, outside the presence of the jury. State Farm, however, never affirmatively offered the exhibit into evidence on its behalf. And during the deposition, the doctor was shown the exhibit, but did not read from

---

[2] OCGA § 9-10-186.

it or disclose its contents other than to admit that his assistant had documented a telephone call from plaintiff's counsel regarding questions about the medical narrative he had prepared.[3] Accordingly, we conclude that the exhibit was not "admitted" as a defense exhibit and did not deprive State Farm of the right to open and conclude closing arguments. We therefore need not address Petrenko's contention that State Farm should not have been allowed to withdraw the exhibit.

2. Petrenko contends that the trial court erred by not requiring State Farm to tender into evidence an exhibit used in its cross-examination of Petrenko to refresh her recollection about prior work absences.

On cross-examination, Petrenko was asked whether she had missed time from work prior to the automobile collision, and she said "no." The following then transpired:

> COUNSEL: All right. Ma'am, do you recall that you actually were absent from work, called in sick for whatever reason, on March 28th,

---

[3] Cf. *Aldridge v. State*, 237 Ga. App. 209, 214-215 (6) (515 SE2d 397) (1999) (presenting documents' contents to the jury was equivalent of formal tender of evidence that would divest defendant of the right to open and close final arguments), construing prior version of OCGA § 17-8-71, which provided in relevant part: "If the defendant introduces no evidence, his counsel shall open and conclude the argument to the jury after the evidence on the part of the [S]tate is concluded."

7

2011, less than a month before the accident. Then, again, on April 12, 2011, then again on April 13, 2011. Do you recall that?

PETRENKO: No, I don't recall that.

State Farm's counsel identified Defendant's Exhibit 2[4] and showed it to Petrenko to see if it would refresh her recollection. Petrenko's counsel objected, arguing that it was improper to have the witness testify about the exhibit without tendering it. The trial court allowed Petrenko to look at the document to see if it refreshed her recollection, and the questioning resumed.

COUNSEL: Do you recall, ma'am – do you recall, first of all, that you called in sick at your job at ER Solutions on March 28th, 2011?

PETRENKO: I mean, as the record shows, yes, I did, but it was – I was –

COUNSEL: I don't want to talk about the records, I just want to ask – just answer the question, do you recall –

PETRENKO: Okay, yes.

COUNSEL: – if you called in sick March 28th, 2011?

---

[4] Defendant's Exhibit 2 is not part of the record on appeal.

PETRENKO: Now – now I do.

COUNSEL: And now do you also recall that you called in sick on April 12th, 2011?

PETRENKO: I – I do.

COUNSEL: And do you recall that you called in sick on April 13th, 2011?

PETRENKO: I do.

Where, as here, a witness states that she does not remember, the proper use of a prior statement is to refresh her memory.[5] "And documents used to refresh a witness's present recollection generally cannot be admitted in evidence" unless they are otherwise admissible.[6]

In support of her argument that Defendant's Exhibit 2 should have been admitted into evidence, Petrenko relies on two cases involving the rule applicable under the prior version of OCGA § 17-8-71, which provided that a criminal defendant will lose the right to open and close argument to the jury if he introduces evidence.

---

[5] See *Bischoff v. Payne*, 239 Ga. App. 824, 825-826 (1) (522 SE2d 257) (1999).

[6] Id. at 826.

9

Petrenko relies on these cases because they interpret language similar to the language of OCGA § 9-10-186 regarding a civil defendant's right to open and conclude closing argument if he introduces no evidence. The cases, however, are distinguishable. In *Kennebrew v. State*,[7] the defense presented to the jury an entire tape-recorded statement of a co-indictee, which statement the court ruled was the equivalent of a formal tender of evidence, divesting defendant of the right to open and close final argument. And in *Thompson v. State*,[8] defense counsel had a witness read his prior written statement in its entirety to himself and then testify that it did not contain certain descriptive information, thereby introducing new evidence into the record and causing defendant to lose the right to open and conclude closing argument. Here, the exhibit was neither read nor shown to the jury, and Petrenko's testimony was limited to a recollection of information contained in the document. The trial court therefore did not err by not requiring State Farm to tender the exhibit.

3. Petrenko contends that the trial court erred by readmitting Defendant's Exhibit 1 as Plaintiff's Exhibit 9, over Petrenko's objection. In fact, Petrenko's counsel did not object after the trial court readmitted the document. Although counsel

---

[7] 267 Ga. 400, 403-404 (4) (480 SE2d 1) (1996).

[8] 265 Ga. App. 696, 697-698 (1) (595 SE2d 377) (2004)

had previously stated that he wanted the exhibit attributed to State Farm so that Petrenko would have the right to open and conclude closing argument, he stated that he would honor the court's decision either way , and he did not object after the court ruled. Under the circumstances, Petrenko waived her right to object on this basis on appeal.[9]

*Judgment affirmed. Dillard, J., concurs. Ellington, P. J., concurs in judgment only.*

---

[9] See *Ahmed v. Clark*, 301 Ga. App. 426, 428 (688 SE2d 361) (2009) ("although a party may have initially objected to an exhibit, that party's failure to make a contemporaneous objection at the time the exhibit is re-tendered waives the objection") (citation omitted).